STEPHENS, APPELLANT, *v.* BOOTHBY, EXRX., ET AL., APPELLEES.

[Cite as Stephens v. Boothby (1974), 40 Ohio App. 2d 197.]

198

*Messrs. Bowers, White & DeMeo*, for appellant.
*Messrs. Lawson & Derryberry* and *Mr. Michael A. Rumer*, for appellees.

Cole, J. This is an appeal from a judgment of the Court of Common Pleas granting a motion to dismiss the complaint filed by appellant which stated a claim predicated upon waste committed against real estate by a life tenant. At the threshold of the appeal, we are faced with the procedural question raised by a judgment rendered on a motion to dismiss. Under the new civil rules at this point in the proceeding, there is nothing before the court except the complaint, and the requirements under these rules as to what must be contained in the complaint are much different than the requirements under the old code pleading. Under this older mode of procedure, it was basic that the petition state a cause of action and the failure to do so made the petition subject to a dismissal on demurrer for the failure to state a cause of action.

Under the civil rules, however, the complaint need not necessarily state facts constituting a cause of action. Under Rule 8(A), it shall contain "(1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled." Now, the statement of a claim showing entitlement to relief is far less than a statement of facts constituting a cause of action. Since such a complete set of facts need not be set forth, the omission of any portion of the facts constituting that cause of action does not render the complaint subject to dismissal as long as a claim is set forth for which relief may be granted. As pointed out in 8 West's Ohio Practice 288, this statement of a claim cannot be too abbreviated. It must at least state the operative grounds which create a claim, but the relating of facts giving rise to the claim is not necessary. The

grounds may be stated in relatively broad general terms and as long as they are sufficient to ultimately lead to the relief claimed, the requirements of the rule are met. In McCormac, Ohio Civil Rules Practice 140, Section 6.20, it is said:

"Facts are not required to be stated in the complaint. A complaint is sufficient unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

Thus, unless reference is had to matters beyond the fact of the complaint, it must *affirmatively* appear from those items actually set forth that there can be no set of facts which might entitle the plaintiff to the relief he requests. Rarely does a complaint contain this kind of statement and usually reference must be had to other facts. To test this situation is the function of a motion for summary judgment, pursuant to which admitted facts may be considered and controverted facts isolated for resolution by a trial. Authority is given under Rule 12(B) for the court to convert a motion to dismiss, on the ground that no claim is stated for which relief may be granted, into a motion for summary judgment where matters outside the pleading are contained in the motion and not excluded by the court. While it is true certain facts were so asserted by the movant—i. e., the date of death of Clarence E. Weagly—the court did not, apparently, so convert the motion. We must therefore consider the judgment of the court solely on the basis of the allegations of the complaint.

Looking now to the motion itself, we find the following grounds for dismissal asserted.

1. The complaint fails to state a claim upon which relief may be granted.

2. The court lacks jurisdiction over the subject matter of the action.

3. The statute of limitations in an action of this nature expired herein on January 12, 1973.

4. The matter was previously before the court and the determination in that case is *res judicata.*

As to ground number 4, it is readily apparent that

there is no reference anywhere in the complaint to any other action. Such an issue cannot therefore be raised by a motion to dismiss. Under Rule 5(C), *res judicata* is an affirmative defense and must be so pleaded. The ground for dismissal, therefore, was not well taken.

Ground number 2 is based upon the alleged lack of jurisdiction of the court. The claim was one for the commission of waste on real estate and for a failure by the life tenant to pay taxes. The complaint was by the owners of the remainder, the life tenant having died and the claim being made against the decedent's estate. This adequately states a claim for which relief may be available, unless there is set forth in the complaint an affirmative allegation which would bar the relief granted. Such an action both by nature and amount is within the jurisdiction of the Court of Common Pleas of Allen County and the venue is proper unless the affirmative allegation that the land was in Logan County, Ohio affects venue. However, under Rule 3(B), an action against an executor shall be brought in the county in which the executor was appointed. There is no allegation in the petition from which it may be conclusively inferred that the defendant executrix was *not* appointed in Allen County, Ohio. There are no matters outside the complaint by way of affidavit or otherwise establishing improper venue. It cannot therefore be said that on the face of the complaint the Court of Common Pleas lacked jurisdiction over the subject matter or that venue did not lie in Allen County.

Grounds one and three are basically the same as treated in the argument. It is appellee's contention that the statute of limitation for an action in waste is four years and that this period expired prior to the filing of this action. It is contended that this appears on the face of the complaint because the decedent died over four years prior to the date the action was commenced and, hence, any act of waste must have occurred prior to his death and the statute has necessarily run.

We note the complaint does not contain the date of Weagly's death, but only the date the claim was presented

to his executrix, *i. e.*, July 7, 1969. Now we can assume Weagly died prior to July, 1969, but four years thereafter is sometime prior to July, 1973. The petition here was filed May 23, 1973, and hence prior to this date. The argument, therefore, depends on defendants' assertion in their pretrial memorandum that they would "establish by evidence that Clarence E. Weagly died on January 12, 1969." This is a fact not contained in the complaint and not before the court, unless the court converts the motion for dismissal into a motion for summary judgment, which it did not do. Such a conversion would, of course, permit plaintiff to also bring in facts which could possibly defeat any argument predicated upon this date of death.

Ignoring, for the moment, the fact that this date does not appear and assuming for the purpose of argument that this date is correct, does that fact conclusively establish that there is no claim for which relief can be granted?

It must be noted that some form of prior action is referred to. If a claim was duly made to the executrix and denied and a suit was filed, the statute would not necessarily apply, depending on the nature of that action and the cause of its failure. If the waste occurred shortly prior to Weagly's death and a claim was made and denied, and the prior action failed otherwise than on its merits, the statute would not be a defense. R. C. 2305.19. This is a possible set of facts which may be asserted in support of plaintiff's claim.

Moreover, we are not told when the claim was rejected. If it was duly and timely presented to the executrix, then, a new statute of limitations governing claims against estates came into action. We must assume on the face of the petition that this claim was timely presented. Suit could not thereafter be brought until the executrix had rejected the claim (R. C. 2117.12 and 2117.30). Under R. C. 2117.06, it is provided that a "failure of the executor or administrator to allow or reject within said time [30 days] shall not prevent him from doing so thereafter nor shall it prejudice the rights of any claimant." We do not know from the complaint when the claim was rejected. Any delay, here, by the

executrix would necessarily toll the general and special statutes of limitations.

We conclude that the statute of limitations is not revealed to be, by the allegations of the complaint, a necessary inevitable and complete bar to the relief requested. It may be, but such a determination cannot be made on the basis of the complaint alone.

Since, therefore, none of the grounds asserted by the motion to dismiss were adequate to cause that motion to be granted, the court, at this stage of the proceeding, was in error in so doing. The judgment of dismissal is reversed and the cause is remanded to the trial court for further proceedings.

Since we do not know from the petition which taxes were alleged to be not paid, nor what or when waste was committed and, since we cannot know what period may have passed, what other suits were filed, why they failed and when, or what claims were made and rejected or when suit was filed relative to such rejection, we cannot tell what statute of limitation, if any, is here applicable and we make no decision on this point. The claim of the complaint presents issues that require other facts for their resolution, facts which, if uncontroverted, may properly and fully develop those issues on a motion for summary judgment, or if controverted, on trial.

*Judgment reversed.*

GUERNSEY, P. J., and MILLER, J., concur.