**VILLAGE OF McCOMB, Appellant,**

v.

**SUBURBAN NATURAL GAS COMPANY, Appellee.**

[Cite as *McComb v. Suburban Natural Gas Co.* (1993), 85 Ohio App.3d 397.]

Court of Appeals of Ohio,
Henry County.

No. 7–92–12.

Decided March 25, 1993.

398

*Emens, Kegler, Brown, Hill & Ritter, Roger P. Sugarman* and *Samuel C. Randazzo; Hackenberg, Beutler & Rasmussen* and *David A. Hackenberg*, for appellant.

*Thompson, Hine & Flory, Robert P. Mone* and *Barry L. Lubow*, for appellee.

---

HADLEY, Judge.

This appeal originates from the Henry County Court of Common Pleas, which granted the motion of defendant-appellee, Suburban Natural Gas Company ("appellee"), to dismiss the complaint of plaintiff-appellant, Village of McComb ("appellant"), and for judgment on the pleadings.

The parties entered into a lease agreement in 1959, wherein appellee agreed to supply appellant with natural gas and appellant agreed to lease its natural gas transmission and distribution facilities to appellee. The rates for the first ten years of the lease agreement were specified in the agreement, and, thereafter, " * * * the rates which may be charged to consumers of gas from the Utility shall be those fixed by Lessor [appellant] from time to time subject, however, to any right of the Lessee [appellee] to appeal therefrom to the Public Utilities Commission of Ohio."

In early 1990, appellee alleges that it initiated negotiations between the parties regarding a rate increase. An alleged response from appellant is not included as part of the record. Thereafter, appellee filed an application for "initial rates" with the Public Utilities Commission of Ohio ("PUCO"). After permitting appellant to intervene in the PUCO proceedings and initiating its own investigation, PUCO issued an order pursuant to its investigation and appellee's request regarding the rates to be charged. After appellant's request for rehearing was denied by PUCO, it initiated the present action.

Appellant's complaint alleged that appellee breached paragraph nine of the lease agreement, quoted *supra*, and sought to have the lease agreement declared to be null and void. Appellee filed an answer and counterclaim to appellant's complaint, which denied that it had breached the provisions of the lease agreement. Appellant thereafter filed a reply to appellee's answer and counterclaim. Subsequently, appellee filed a motion to dismiss appellant's complaint and for judgment on the pleadings. Appellee's motion was based on three theories: first, that the trial court lacked subject matter jurisdiction over the action; second, that the doctrines of *res judicata* and collateral estoppel barred the complaint; and third, that the complaint failed to state a claim for relief. After the appropriate responses from the parties, the trial court granted appellee's motion. As neither of the parties requested findings of fact and conclusions of law

pursuant to Civ.R. 52, the trial court issued none and appellant's three assignments of error in its brief parallel appellee's three bases for granting its motion for judgment on the pleadings and motion to dismiss. Since no findings of fact and conclusions of law were requested, we will address all three bases and assignments of error to determine whether the trial court properly granted appellee's motion.

Before confronting the assignment of error we must address some preliminary matters. First, we direct appellant's attention to Loc.App.R. 11, which states that "propositions of law" may not be substituted for assignments of error. Although appellant labels its bases for review as "assignments of error," the substantive content of its bases for review do not allege error by the trial court. Rather they simply state propositions of law. However, in the interests of justice, we will further address appellant's assignments of error.

Second, we must determine what part of the record this court and the trial court could review in reaching a decision regarding appellee's motion for judgment on the pleadings and motion to dismiss appellant's complaint. In determining whether to grant a motion for judgment on the pleadings, a court must examine solely the pleadings. *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 63 O.O.2d 262, 297 N.E.2d 113. In determining whether to grant a motion to dismiss for failure to state a claim in the absence of the conversion of the motion into one for summary judgment, a court must only examine the complaint. *Stephens v. Boothby* (1974), 40 Ohio App.2d 197, 69 O.O.2d 189, 318 N.E.2d 535, paragraph two of the syllabus. Thus, in reviewing the trial court's decision, we are limited to appellant's complaint and reply and appellee's answer and counterclaim, to determine whether the trial court properly granted appellee's motion to dismiss the complaint and for judgment on the pleadings.

If, after reviewing the pleadings, a court finds that there exist no material issues of fact and the moving party is entitled to judgment as a matter of law, the moving party's motion for judgment on the pleadings, pursuant to Civ.R. 12(C), should be granted. *Calhoun v. Supreme Court of Ohio* (1978), 61 Ohio App.2d 1, 15 O.O.3d 13, 399 N.E.2d 559. And, to deny a party's motion to dismiss for failure to state a claim upon which relief can be granted, a court must find that the allegations contained in the complaint set forth facts which if established by evidence would entitle one to relief. *Stephens, supra.*

Having set forth the proper parts of the record necessary to our determination and the standard necessary to our determination, we turn to the first assignment of error. Appellant argues that the Henry County Court of Common Pleas had subject matter jurisdiction to determine the parties' rights under the lease agreement. We agree with appellant.

### Assignment of Error No. 1

"A court of common pleas has jurisdiction to determine and declare the rights, status and other legal relations of parties to a contract, even where one party is a public utility."

Appellant specifically charged in its complaint that appellee had breached a condition of the lease agreement entered into between the parties. A claim that a party breached a condition or covenant of a contract constitutes a claim for relief and needs no citation. The facts in appellant's complaint set forth facts which could be established by evidence entitling it to relief.

Also, the trial court herein had subject matter jurisdiction over the issue. Again, appellant's complaint rests on the claim that appellee breached the contract between the parties.

"This court has stated that the courts of this state are available to supplicants who have *claims sounding in contract against a corporation coming under the authority of the Public Utilities Commission.* * * * As stated in *New Bremen* [*v. Pub. Util. Comm.* (1921), 103 Ohio St. 23, 132 N.E. 162], *supra,* at page 30 [132 N.E. at page 164], '[t]he public utilities commission is in no sense a court. It has no power to judicially ascertain and determine legal rights and liabilities, or adjudicate controversies between parties as to *contract rights* or property rights.'" (Emphasis added.) *State ex rel. Dayton Power & Light Co. v. Riley* (1978), 53 Ohio St.2d 168, 7 O.O.3d 317, 373 N.E.2d 385.

Appellee relies upon *Kazmaier Supermarket, Inc. v. Toledo Edison Co.* (1991), 61 Ohio St.3d 147, 573 N.E.2d 655, to dispute appellant's contention that the trial court had subject matter jurisdiction to rule upon appellant's complaint. Appellee argues that the Supreme Court of Ohio determined that PUCO has exclusive jurisdiction in matters involving rate disputes. *Kazmaier* differs from the facts of the matter *sub judice. Kazmaier* essentially involved whether the rate charged by the utility company was unreasonable and in violation of the law, pursuant to R.C. 4905.26. However, *Kazmaier* left intact the rule stated above that PUCO does not have the power to determine the legal rights and liabilities regarding a contract or property right, as previously noted. *New Bremen v. Pub. Util. Comm.* (1921), 103 Ohio St. 23, 132 N.E. 162; *State ex rel. Dayton Power & Light Co., supra; Marketing Research Serv., Inc. v. Pub. Util. Comm.* (1987), 34 Ohio St.3d 52, 517 N.E.2d 540.

The present matter does not have, at the root of the controversy between the parties, a rate dispute as in *Kazmaier.* Rather, appellant's central problem is the *procedure* that culminated in PUCO's final order imposing rates.

Therefore, the trial court had before it a complaint which properly stated a claim for relief and over which it had subject matter jurisdiction. This assignment of error is sustained.

### Assignment of Error No. 2

"Since the merits of the private contractual dispute between these litigants had not previously been adjudicated by a judicial tribunal of competent jurisdiction, the doctrines of *res judicata* and collateral estoppel did not bar the Village's complaint for declaratory judgment in the common pleas court."

The doctrines of *res judicata* and collateral estoppel are applied to circumstances wherein an issue that has arisen between parties has been adjudicated and cannot be relitigated. 63 Ohio Jurisprudence 3d (1985), Judgments, Sections 400 and 380. Such doctrines are inapplicable to the matter before us. As noted above, PUCO could not have determined the legal rights and liabilities of the parties; therefore, the issue of whether appellee breached a provision of the lease agreement has not yet been determined. Therefore, this assignment of error is sustained.

### Assignment of Error No. 3

"The complaint states a claim for declaratory relief occasioned by Suburban's breach of the lease agreements with the Village."

As noted in assignment of error No. 1, appellant's complaint states a claim for relief because it is supported by allegations which could be established by evidence. There is no doubt herein that appellant's claim that appellee breached a provision of the contract sufficiently amounts to a valid claim for relief. Moreover, after a review of appellant's complaint, we find that appellant made sufficient allegations of fact, which if proven by it, establish that it is entitled to relief.

Further, the trial court could not have granted appellee's motion for judgment on the pleadings on the basis that the pleadings revealed that there were no issues of material fact and that appellee was entitled to judgment as a matter of law. *Calhoun, supra.* To the contrary, a genuine issue of material fact still exists herein.

The issue of whether appellee breached a provision of the lease agreement was not a matter to be resolved by PUCO, as noted in Assignments of Error Nos. 1 and 2. Thus, the precise issue posed by appellant in its complaint is to be resolved by the lease agreement of the parties, pursuant to Section 4, Article XVIII, Ohio Constitution, or, in other words, pursuant to the specific language, and the interpretation thereof, of the contract. See *Interurban Ry. & Terminal*

*Co. v. Pub. Util. Comm.* (1918), 98 Ohio St. 287, 120 N.E. 831; *Link v. Pub. Util. Comm.* (1921), 102 Ohio St. 336, 131 N.E. 796. However, before the trial court could decide the issue, it needed more evidence than was contained in the pleadings to determine whether such a breach occurred.

Appellant's complaint and reply indicate that appellee had nothing from which it could "appeal"; therefore, it breached a provision of the contract. Appellee's answer and counterclaim that it was "appealing" from an alleged response of the Village of McComb's council member(s) indicating that it would not accept appellee's rate proposal. Since the pleadings created an issue of material fact (what appellee was "appealing" from) the trial court could not have properly granted appellee's motion for judgment on the pleadings.

Therefore, this assignment of error is sustained and the judgment of the Henry County Court of Common Pleas in this matter is reversed and the cause remanded for further proceedings in accordance with this opinion.

*Judgment reversed*
*and cause remanded.*

EVANS, P.J., and SHAW, J., concur.