GUMPL, Appellant,

v.

BOST et al., Appellees.

[Cite as *Gumpl v. Bost* (1993), 88 Ohio App.3d 325.]

Court of Appeals of Ohio,
Warren County.

No. CA 93–02–019.

Decided June 21, 1993.

*Stephen William Gumpl, pro se.*

*Lee I. Fisher,* Attorney General, *Michael J. Harmon* and *Steven P. Fixler,* Assistant Attorneys General, for appellees.

WALSH, Judge.

Plaintiff-appellant, Stephen W. Gumpl, appeals a decision of the Warren County Court of Common Pleas dismissing his complaint against defendants-appellees, Sergeant Bost[1] and Richard Jent, for alleged civil rights violations.

The record indicates that in 1990, appellant was an inmate at the Warren Correctional Institution ("WCI"). On December 28, 1990, appellant filed a complaint in the Warren County Court of Common Pleas. In his complaint, he alleged that on January 2, 1990, he had made a written report to the warden informing him that Sgt. Bost had attacked a fellow inmate. Appellant claimed that, as a result of his report, appellees had harassed him and placed him in disciplinary confinement.

Appellant further alleged that he was transferred to Ross Correctional Institution ("RCI"), a medium security facility, in retaliation for his report of the alleged abuses. According to the complaint, both his placement in disciplinary confinement and his subsequent transfer were instituted without proper procedural safeguards.

---

1. Sgt. Bost's first name does not appear in the record or in the briefs of the parties.

The complaint sets forth five causes of action and claims violations of appellant's rights under the First and Fourteenth Amendments to the United States Constitution, violations under the Ohio Constitution, and violations of unspecified "state and federal statutory provisions." The complaint additionally states that appellees are being sued "in both their official and individual capacity," and asserts jurisdiction based on Sections 1983, 1985, 1986 and 1987, Title 42, U.S. Code. As relief, appellant seeks both compensatory and punitive damages from each defendant for each cause of action.

Appellees subsequently filed a motion to dismiss the complaint pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted. The lower court granted the motion with respect to both the state and federal claims on the ground the claims needed to be brought in the Court of Claims. Appellant appealed the lower court's decision, and we reversed that portion of the decision that dismissed the federal claims, noting that the Court of Claims lacked jurisdiction to entertain issues of federal immunity. See *Gumpl v. Bost* (1992), 81 Ohio App.3d 370, 611 N.E.2d 343.

Upon remand to the lower court, appellant amended the complaint to add an allegation that his transfer to RCI was a conspiracy to violate his "constitutional right to free speech." On December 11, 1992, appellees filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. Thereafter, the court granted the motion in an entry released February 5, 1993 and dismissed the complaint. This appeal followed.

█ In a single assignment of error, appellant argues that "the trial court erred in ruling that the complaint failed to state a cause of action under Rule 12(B)(6)." For the reasons expressed below, we disagree and affirm the trial court's dismissal of the complaint.

█ For a court to dismiss a complaint for failure to state a claim upon which relief can be granted under Civ.R. 12(B)(6), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. *Greeley v. Miami Valley Maintenance Contrs., Inc.* (1990), 49 Ohio St.3d 228, 230, 551 N.E.2d 981, 982; *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 245, 71 O.O.2d 223, 224, 327 N.E.2d 753, 754. While the relating of facts which gave rise to the claim is not necessary to survive a Civ.R. 12(B)(6) motion, the complaint must, at the very least, state the operative grounds which created the claim. *Stephens v. Boothby* (1974), 40 Ohio App.2d 197, 198–199, 69 O.O.2d 189, 189–190, 318 N.E.2d 535, 536. When a court entertains a motion to dismiss, the complaint is to be construed in a light most favorable to the plaintiff and the allegations contained therein taken as admitted.

*Slife v. Kundtz Properties, Inc.* (1974), 40 Ohio App.2d 179, 182, 69 O.O.2d 178, 180, 318 N.E.2d 557, 560.

Appellant takes the position that given the allegation in the complaint that he was transferred to another security facility in retaliation for the lawful exercise of his First Amendment rights, namely reporting alleged abuses of fellow prisoners, the complaint adequately sets forth a legally cognizable cause of action under Section 1983. Therefore, appellant submits, it was improper for the trial court to dismiss the complaint.

A review of federal case law reveals that several federal appellate courts, including the Sixth Circuit, have held that retaliation against a prisoner by prison officials for the prisoner's exercise of a constitutionally protected right states a Section 1983 cause of action. See *Newsom v. Norris* (C.A.6, 1989), 888 F.2d 371, 377; *Cale v. Johnson* (C.A.6, 1988), 861 F.2d 943, 951; *Franco v. Kelly* (C.A.2, 1988), 854 F.2d 584, 590; *Burton v. Livingston* (C.A.8, 1986), 791 F.2d 97, 100.

"Prison officials may not retaliate against an inmate for exercising a constitutionally protected right. Since prisoners retain some first amendment rights, a claim that prison officials retaliated for the exercise of a personal first amendment right states a claim." *Adams v. James* (C.A.11, 1986), 784 F.2d 1077, 1082.

■ In order to state a claim for retaliatory transfer to another security facility for the exercise of a constitutional right, a prisoner must allege a chronology of events from which retaliation may be inferred. *Murphy v. Lane* (C.A.7, 1987), 833 F.2d 106, 108–109; *Caudle–El v. Peters* (N.D.Ill.1989), 727 F.Supp. 1175, 1179. A simple allegation of retaliation is not sufficient. *Benson v. Cady* (C.A.7, 1985), 761 F.2d 335, 342. Additionally, a prisoner must also set forth operative grounds that reveal the extent of the injury that resulted from the retaliation. See *Ustrak v. Fairman* (C.A.7, 1986), 781 F.2d 573, 578–579.

A perusal of the complaint *sub judice* shows that appellant alleged a sequence of events which, when construed in a light most favorable to appellant and taken as true, could arguably be interpreted as showing that officials retaliated against him for reporting alleged prison guard abuses to WCI officials. Suffice it to say, more than a rote assertion of retaliation is made by appellant in the complaint.

However, even when the complaint is construed in appellant's favor and the allegations therein are taken as admitted, we fail to discern the presentation of any operative grounds that indicate appellant was damaged or injured as a result of the alleged retaliation. Appellant appears to suggest he was injured as a result of the transfer from WCI to RCI, yet he does not set forth the nature of the injury. It is not alleged in the complaint, for instance, that he was subjected to substantially worse living conditions at RCI or that he has been neglected.

To the contrary, there is language in the complaint from which one could reasonably infer that appellant enjoys RCI and has actually benefited from the transfer. In one paragraph of the complaint, appellant admits that he does not object to his transfer to RCI. Although not explicitly stated, appellant's "acceptance" of RCI could be premised on the fact that he has greater freedom of movement at RCI, as the institution has a lower security status than WCI. In yet another paragraph, appellant states that he has filed a request to remain at RCI. Had the transfer to RCI truly injured or damaged appellant, it is unlikely he would have requested to remain at the institution.

In light of the aforesaid, we find that although appellant's complaint alleges a factual pattern which, if admitted as true, arguably shows that officials retaliated against him for exercising his First Amendment rights, the complaint fails to state he has suffered an injury from the retaliation. Absent an allegation that he has been injured as a result of the alleged retaliation, appellant has failed to state a claim upon which relief can be granted. Hence, the trial court was correct in dismissing appellant's complaint for that reason.

Accordingly, we overrule appellant's sole assignment of error and affirm the judgment of the trial court.

*Judgment affirmed.*

KOEHLER, P.J., and WILLIAM W. YOUNG, J., concur.