ESTATE OF SHERMAN, Appellant,

v.

MILLHON et al., Appellees.

[Cite as *Estate of Sherman v. Millhon* (1995), 104 Ohio App.3d 614.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 94APE11–1648.

Decided June 15, 1995.

*Leeseberg, Maloon, Schulman & Valentine* and *Jeffrey L. Maloon*, for appellant.

*Reminger & Reminger Co., L.P.A.*, and *Mark E. Defossez*, for appellees William A. Millhon, M.D., and W.F. Millhon Medical Clinic, Inc.

*Jacobson, Maynard, Tuschman & Kalur Co., L.P.A.*, and *David C. Calderhead*, for appellees Dan R. McFarland, M.D., and Dan R. McFarland, M.D., Inc.

PETREE, Judge.

This is a timely appeal by plaintiff, Jean E. Sherman, widow of Zane F. Sherman and executor of his estate, from a judgment of the Franklin County Court of Common Pleas, granting the motion for judgment on the pleadings pursuant to Civ.R. 12(C) filed by defendants, William A. Millhon, M.D., and W.F. Millhon Clinic, Inc., and the motion to dismiss pursuant to Civ.R. 12(B)(6) filed by defendants Dan R. McFarland, M.D., and Dan R. McFarland, M.D., Inc.[1]

On July 22, 1993, plaintiff filed a complaint against defendants alleging that plaintiff's husband died as a result of defendants' alleged medical malpractice.

---

1. For ease of reading, defendants William A. Millhon, M.D., and W.F. Millhon Medical Clinic, Inc. will be referred to as "Dr. Millhon" and defendants Dan R. McFarland, M.D., and Dan R. McFarland, M.D., Inc. will be referred to as "Dr. McFarland."

The complaint averred that in July 1988, decedent consulted Dr. Millhon for a routine physical examination. Thereafter, Dr. Millhon ordered certain diagnostic procedures, including a posterior-anterior chest x-ray, which was interpreted as normal by Dr. McFarland, a radiologist and employee of defendant Dr. Millhon. Two years later, in June 1990, a C.T. scan of decedent's chest revealed two abnormal masses diagnosed as lung cancer, which had spread to other parts of decedent's body. Although decedent underwent extensive chemotherapy, he subsequently died as a result of the cancer.

In the complaint, plaintiff asserted claims against defendants for medical malpractice and wrongful death arising from their alleged failure to diagnose decedent's lung cancer at the time of the routine physical examination in July 1988, two years before the cancer was discovered. Plaintiff's medical experts expressed the opinion that decedent would have had a forty percent chance of survival had he received proper and timely medical care.

On July 21, 1994, Dr. Millhon filed, pursuant to Civ.R. 12(C), a motion for judgment on the pleadings, arguing that because plaintiff's complaint failed to allege that decedent lost a greater than fifty percent chance of survival as a result of defendants' alleged negligence, under the standard set forth by the Supreme Court of Ohio in *Cooper v. Sisters of Charity of Cincinnati, Inc.* (1971), 27 Ohio St.2d 242, 56 O.O.2d 146, 272 N.E.2d 97, defendants were entitled to judgment on the pleadings as a matter of law.

On August 11, 1994, Dr. McFarland filed, pursuant to Civ.R. 12(B)(6), a motion to dismiss for failure to state a claim upon which relief can be granted. In the motion, Dr. McFarland first contended that this matter was fully resolved in a prior court action and thus, plaintiff was precluded from relitigating the same cause and issues based upon the doctrines of *res judicata*, collateral estoppel and/or the "law of the case." Dr. McFarland also contended that because plaintiff's complaint failed to allege at least a fifty-one percent probability of survival, plaintiff had failed to state a claim upon which can be granted.

In support of his *res judicata*/collateral estoppel/"law of the case" argument, Dr. McFarland attached several exhibits to the motion, including a complaint filed by plaintiff in the Franklin County Court of Common Pleas in May 1990, which named Dr. Millhon and Dr. McFarland as defendants and also raised the issues raised in this case; a copy of the decision filed in the Franklin County Court of Common Pleas on December 23, 1991, granting judgment for defendants on the basis that plaintiff's complaint failed to demonstrate a greater than fifty percent chance of survival had decedent's lung cancer been diagnosed in a more timely manner; and a copy of the decision filed in this court on June 16, 1992, affirming the trial court's decision.

On September 13, 1994, the trial court granted Dr. Millhon's motion for judgment on the pleadings, finding that the "loss of a chance of survival has not been recognized as a basis of recovery when a Plaintiff cannot prove at least a 51 percent probability of survival, but for the negligence of the Defendants." Although the trial court stated that it rendered its decision "[w]ithout considering the *res judicata* and collateral estoppel issues," the court went on to state that it "incorporates the Decisions of Judge Crawford in *Sherman, supra,* and the Court of Appeals in *Sherman v. Millhon* (June 16, 1992), Franklin App. No. 92AP–89, unreported [1992 WL 142368], herein" and notes that "pursuant to the 'doctrine of law of the case,' the Court is also bound by the previous decision of the Court of Appeals in *Sherman, supra.*" On September 28, 1994, the trial court granted Dr. McFarland's motion to dismiss "for the reasons set forth in this court's decision of September 13, 1994."

On appeal, plaintiff asserts a single assignment of error for review:

"The trial court erred in granting judgment on the pleadings to Defendants–Appellees as the Complaint filed on behalf of Plaintiff–Appellant set forth a valid cause of action premised on the loss of chance doctrine."

Before addressing plaintiff's argument regarding the merits of the instant action, we must first examine the manner in which the trial court granted Dr. Millhon's motion for judgment on the pleadings and Dr. McFarland's motion to dismiss.

As previously noted, Dr. McFarland filed a motion to dismiss pursuant to Civ.R. 12(B)(6), arguing, at least in part, that this matter had been fully and finally resolved in a prior court action and, thus, plaintiff was precluded from relitigating the same cause and issues based upon the doctrines of *res judicata,* collateral estoppel and/or the "law of the case." Dr. Millhon's motion for judgment on the pleadings was not based on these doctrines. The trial court indicated that both motions were granted for the reasons set forth in the court's September 13, 1994 decision. Although the trial court, in that decision, attempted to sidestep the *res judicata* and collateral estoppel issue, it incorporated the prior decisions of both the common pleas court and this court into its decision. Further, the trial court noted that it was bound by the previous decision of this court pursuant to the "law of the case" doctrine.

"In resolving a Civ.R. 12(B)(6) motion, a court is confined to the averments set forth in the complaint." *Shockey v. Wilkinson* (1994), 96 Ohio App.3d 91, 94, 644 N.E.2d 686, 688. Further, pursuant to Civ.R. 12(C), a trial court may consider only the statements contained in the pleadings, and may not consider any evidentiary materials. *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 63 O.O.2d 262, 297 N.E.2d 113; *Burnside v. Leimbach* (1991), 71 Ohio

App.3d 399, 402, 594 N.E.2d 60, 61. "The affirmative defense of *res judicata* is not properly raised in a Civ.R. 12(B)(6) motion because it requires reference to materials outside the complaint (*i.e.,* the previous action upon which the defense is based) and, therefore, is a matter which should be raised on summary judgment." *Nelson v. Pleasant* (1991), 73 Ohio App.3d 479, 482, 597 N.E.2d 1137, 1139. Furthermore, since a motion for judgment on the pleadings has been characterized as nothing more than a belated Civ.R. 12(B)(6) motion, the same standards of review apply to both motions. *Id.*

■ Upon review of the trial court's decision, however, it is clear that the court considered matters beyond the face of the complaint in granting Dr. Millhon's motion for judgment on the pleadings and Dr. McFarland's motion to dismiss. Specifically, the court refers to the "Decisions of Judge Crawford in *Sherman, supra,* and the Court of Appeals in *Sherman v. Millhon* " which are attached to Dr. McFarland's motion to dismiss. The court also notes that pursuant to the "law of the case" doctrine, it is bound by the previous decision of this court. As the face of plaintiff's complaint does not refer to any prior court proceeding, the consideration of the prior judgments attached to Dr. McFarland's motion to dismiss clearly violated the standard of review under both Civ.R. 12(B)(6) and 12(C).

Civ.R. 12(B) provides, in pertinent part:

"When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56 * * *."

■ Thus, pursuant to Civ.R. 12(B)(6), the trial court may convert a motion to dismiss into a motion for summary judgment where matters outside the pleadings are contained in the motion and are not excluded by the court. *Stephens v. Boothby* (1974), 40 Ohio App.2d 197, 199, 69 O.O.2d 189, 190, 318 N.E.2d 535, 536–537. However, only if the court converts the motion to one for summary judgment pursuant to Civ.R. 12 may the court go beyond the averments in the complaint. *Petrey v. Simon* (1983), 4 Ohio St.3d 154, 4 OBR 396, 447 N.E.2d 1285. However, when a court converts a motion to dismiss to one for summary judgment, it must notify all parties. *Federated Dept. Stores, Inc. v. Lindley* (1987), 30 Ohio St.3d 135, 137, 30 OBR 447, 448–449, 507 N.E.2d 1114, 1116. The record in the instant case does not reflect such a conversion by the trial court and, therefore, the court was confined to the averments of the

complaint and could not utilize the documents attached to Dr. McFarland's motion to dismiss.

Although the court below erred in reviewing the prior judgment in granting defendants' motions, its decisions to grant Dr. Millhon's motion for judgment on the pleadings and Dr. McFarland's motion to dismiss were proper, as the complaint itself provided a sufficient basis for the trial court's action.

■ By the assignment of error, plaintiff urges us to adopt the "loss of chance" doctrine in wrongful death actions arising from medical malpractice. This doctrine permits recovery for the lost opportunity for survival as a result of a medical provider's negligence, even though it is likely that the patient would not have survived with appropriate medical treatment. In the context of the instant case, plaintiff argues that she should be entitled to compensation for the decedent's loss of a forty-percent chance of survival. Defendants argue that the *Cooper* case is dispositive and requires this court to affirm the trial court's grant of judgment on the pleadings and motion to dismiss.

In *Cooper, supra,* 27 Ohio St.2d 242, 56 O.O.2d 146, 272 N.E.2d 97, the Supreme Court of Ohio held that in order to recover for a wrongful death as a result of medical negligence, a plaintiff must show that without such negligence, the decedent would *probably* have survived. The syllabus of *Cooper* states:

"In an action for wrongful death, where medical malpractice is alleged as the proximate cause of death, and plaintiff's evidence indicates that a failure to diagnose the injury prevented the patient from an opportunity to be operated on, which failure eliminated any chance of the patient's survival, the issue of proximate cause can be submitted to a jury only if there is sufficient evidence showing that with proper diagnosis, treatment and surgery, the patient *probably* would have survived." (Emphasis added.)

The court further stated that "[p]robability is most often defined as that which is more likely than not," or in numerical terms, "[p]robable is more than 50% of actual." *Id.* at 253, 56 O.O.2d at 152, 272 N.E.2d at 104.

The *Cooper* court declined to adopt the loss-of-chance doctrine, expressly rejecting a rule permitting recovery for a loss of *any* chance of survival. The court wrote:

"Lesser standards of proof are understandably attractive in malpractice cases where physical well being, and life itself, are the subject of litigation. The strong intuitive sense of humanity tends to emotionally direct us toward a conclusion that in an action for wrongful death an injured person should be compensated for the loss of any chance for survival, regardless of its remoteness. However, we have trepidations that such a rule would be so loose that it would produce more

injustice than justice. * * *" *Id.* at 251–252, 56 O.O.2d at 151, 272 N.E.2d at 103.

Although the rule set forth in *Cooper* has been criticized as permitting physicians to evade liability for their negligent actions or inactions in situations where patients may not necessarily recover or survive, but would still have a significant chance of recovery or survival, the Supreme Court of Ohio has not overruled the syllabus law set forth above. Indeed, the court recently reiterated its continued adherence to the validity of the rule espoused in *Cooper* in *Stinson v. England* (1994), 69 Ohio St.3d 451, 633 N.E.2d 532, paragraph one of the syllabus.

Since Ohio courts of appeals are charged with accepting and enforcing the laws promulgated by the Supreme Court of Ohio and may not change, modify or ignore such laws, we are bound by and must follow the syllabus rule of *Cooper.* *Thacker v. Ohio State Univ. Bd. of Trustees* (1971), 31 Ohio App.2d 17, 21, 60 O.O.2d 65, 67–68, 285 N.E.2d 380, 383. Plaintiff's medical experts opined that decedent had only a forty-percent chance of survival even with appropriate medical care. This evidence makes it impossible for plaintiff to have made the requisite showing that the decedent would probably have survived had his lung cancer been properly diagnosed and treated. Therefore, defendants were entitled to judgment as a matter of law.

Accordingly, plaintiff's assignment of error is not well taken.

For the foregoing reasons, plaintiff's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

REILLY, J., concurs.

DESHLER, J., concurs separately.

ARCHER E. REILLY, J., retired, of the Tenth Appellate District, sitting by assignment.

DESHLER, Judge, concurring separately.

While I concur in the judgment rendered today, I do not agree with the majority's interpretation of *Cooper v. Sisters of Charity of Cincinnati, Inc.* (1971), 27 Ohio St.2d 242, 56 O.O.2d 146, 272 N.E.2d 97, as one rejecting recovery for loss of chance of survival. I view the *Cooper* case as recognizing the theory of loss of chance, a form of medical malpractice, but in a limited form, requiring evidence showing that the patient probably would have survived with proper diagnosis and treatment. And as stated in the syllabus of *Stinson v. England* (1994), 69 Ohio St.3d 451, 633 N.E.2d 532, in referring to the *Cooper* case, "An event is probable if there is a greater than fifty percent likelihood that it

produced the occurrence at issue." We have, therefore, given recognition to the theory of recovery for loss of chance of survival, but limited its viability as a form of malpractice only in cases where the plaintiff proves that a defendant's negligence, in probability, caused the death of the patient.

The appellant appears to argue for the broadest possible application of the loss-of-chance theory by permitting recovery for *any* interference with recovery. It seems to me we should revisit the loss-of-chance doctrine as a compensable theory of recovery and develop a final, workable doctrine that centers between the overly broad concept advanced by appellant and something less stringent than requiring a "greater than fifty percent likelihood that it produced the occurrence at issue." There are obvious difficulties in this area of tort law surrounding causation and damages. However, the difficulty in determining causation and calculating damages, and the corollary difficulties of proper jury instructions on these issues, should not serve as barriers to develop the living law to permit redress where liability is established and measurable damages are proven. Some other jurisdictions appear to allow recovery for loss of chance of survival if the plaintiff proves elimination of a substantial possibility of recovery or if plaintiff shows that a defendant's negligence increased the risk of harm or injury. Both of these concepts pose considerable causation problems as well as subjecting defendants (and juries) to considerable conjecture and speculation. Thus, we have in Ohio at least recognized the theory of loss of chance of recovery to the extent pronounced in the *Cooper* case, *supra.* I, therefore, concur in the judgment but reaffirm that loss of chance of recovery, within the limits set forth in *Cooper* and *Stinson, supra,* is a recognized theory of malpractice recovery in Ohio.