[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Plaintiff-appellant Miami Valley Hospital appeals from an order dismissing its complaint pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted. The hospital contends that the trial court erred by considering evidence outside the pleadings in determining the motion.
We conclude that the trial court's decision cannot be upheld as a valid dismissal under Civ.R. 12(B)(6), because the trial court did consider evidence outside the pleadings. Furthermore, the decision cannot be upheld as a valid summary judgment pursuant to Civ.R. 56, since the trial court failed to notify the parties of its intent to convert the Civ.R. 12(B)(6) motion into a Civ. R. 56 motion. Accordingly the judgment of the trial court isReversed, and this cause is Remanded for further proceedings.
 I
Robert and Teresa Swartz were married on July 21, 1991. They separated in July of 1996. On November 22, 1996, Miami Valley Hospital rendered medical services to Teresa; the services provided were in the amount of $1,029. Teresa and Robert were subsequently divorced by decree dated April 29, 1997. The decree provided that the parties were to be "responsible for any debts incurred in their own respective name since the time of separation."
On April 2, 1998, the hospital instituted suit in the Dayton Municipal Court for collection of the amounts due for services provided to Teresa. The suit was filed against both Teresa and Robert. The hospital alleged that Robert was liable for the monies owed it pursuant to R.C. 3103.03. Teresa failed to file an answer, and a default judgment was rendered against her. Robert, however, filed a motion to dismiss pursuant to Civ.R. 12(B)(6). His motion was premised upon his claim that since he and Teresa had separated, divorced and been ordered to pay their respective debts, he had no duty to pay for Teresa's bill. In support of his motion, he attached his own affidavit setting forth information regarding the separation and divorce. On October 27, 1998, the trial court entered an order dismissing the complaint against Robert. From this order, the hospital appeals.
 II
In its sole Assignment of Error, Miami Valley Hospital alleges:
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT ROBERT SWARTZ'S MOTION TO DISMISS.
The hospital contends that the trial court erred by dismissing its complaint against Robert. In support, it argues that the trial court improperly considered matters outside the pleadings in ruling on the Civ.R. 12(B)(6) motion to dismiss. The hospital also argues that the trial court erred by finding that the entry of the Swartz divorce decree altered Robert's duty to reimburse the hospital pursuant to R.C. 3103.03.
"The function of a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted is to test the legal sufficiency of a statement of claim." Herald v.Egharevba (Dec. 29, 1993), Greene App. No. 92-CA-0016, unreported. "In order to dismiss a complaint on this ground, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." Id., citing O'Brien v.University Community Tenants Union (1975), 42 Ohio St.2d 242. In resolving a Civ.R. 12(B)(6) motion, the trial court is confined to the averments set forth in the complaint. McComb v. SuburbanNatural Gas Co. (1993), 85 Ohio App.3d 397, 400. If a movant submits and relies on evidence outside the face of the pleadings to support his motion, the motion may be treated, with notice to the parties, as a motion for summary judgment pursuant to Civ.R. 56. State ex rel. Boggs v. Springfield Local School Dist. Bd. ofEdn. (1995), 72 Ohio St.3d 94, 96. If the trial court converts the motion to dismiss for failure to state a claim into a motion for summary judgment, the court must provide notice that it has done so to all parties at least fourteen days before the time fixed for hearing. Petrey v. Simon (1983), 4 Ohio St.3d 154, paragraph two of the syllabus.
In this case, it is clear from the trial court's decision that it relied upon evidence not pleaded in the complaint; i.e., the trial court's decision was based upon evidence of the Swartz separation and divorce. Therefore, the trial court converted the motion to dismiss into a motion for summary judgment. It is also clear that the trial court failed to notify the parties of its intent to do so.
This court has held that the failure to give the non-moving party notice of the conversion of a Civ.R. 12(B)(6) motion into a Civ.R. 56 motion requires that we reverse the trial court's decision and remand it back to the trial court in order to allow the non-moving party the opportunity to respond. Bruno v. Lentz
(Feb. 15, 1989), Montgomery App. No. 11003, unreported; Sarven v.Winemiller (June 7, 1989), Clark App. No. 2508, unreported.
Based upon the foregoing, we conclude that the trial court's judgment fails as a dismissal under Civ.R. 12(B)(6), because the trial court relied upon evidence outside the pleadings. Likewise, the trial court's judgment cannot be upheld as a valid summary judgment under Civ.R. 56, because the trial court failed to notify the parties of the conversion.
Miami Valley Hospital has raised, and both parties have argued, the issue of whether the Swartz divorce prevented enforcement of the R.C. 3103.03 claim made by the hospital. However, because the judgment we are reversing was based upon the pleadings, we conclude that the ultimate issue of the hospital's statutory claim is not ripe for review; upon remand, evidence may be presented affecting Mr. Swartz's liability under the statute.
Miami Valley Hospital's sole Assignment of Error is sustained.
 III
Miami Valley Hospital's sole Assignment of Error having been sustained, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings.
GRADY, P.J., and BROGAN, J., concur.