Plaintiff-appellant, inmate Joe Lebron Deavors, appeals the decision of the Ohio Court of Claims to grant a motion to dismiss filed by defendant-appellee, the Ohio Department of Rehabilitation and Correction.
Appellant brought this action before the Court of Claims asserting that appellee retaliated against him for exercising his constitutional right to file complaints and grievances against prison officials. For example, appellant claims that appellee retaliated against him by transferring him to other institutions, increasing his security status and removing him from work programs. Additionally, appellant asserts that appellee violated his constitutional right to file complaints and grievances by refusing to address several of them. Appellant seeks damages to recover from injuries he allegedly incurred as a result of appellee infringing upon his constitutional right.
As well, appellant attacks the decision by the parole board to continue his sentence for aggravated murder. Appellant seeks to be released from prison and to recover damages for injuries he allegedly incurred as a result of appellee continuing his sentence.
The Court of Claims dismissed appellant's action on the basis that it lacked jurisdiction to hear appellant's claims.
 Appellant appeals, asserting one assignment of error.
 THE COURT OF CLAIMS ERRORED [SIC] IN DISMISSING PLAINTIFF/APPELLANT COMPLAINT AND AMENDED COMPLAINT FOR LACK OF JURISDICTION BY MISCONSTRUING ISSUES STATED IN PLAINTIFF/APPELLANT COMPLAINT AND AMENDED COMPLAINT.
In his assignment of error, appellant argues that the Court of Claims misconstrued the issues asserted by him and improperly concluded that it lacked jurisdiction to hear his claims. We disagree with appellant's contentions.
One of the reasons appellant brings this action in the Court of Claims is to challenge the parole board's decision to continue his sentence. Appellant indicated in his complaint and amended complaint that he seeks to be released from prison as well as to recover damages from injuries resulting from the parole board's decision. Accordingly, the Court of Claims addressed its jurisdiction over the parole board's decision to continue appellant's sentence.
Under the Court of Claims Act, individuals can sue the state in the Court of Claims and have liability determined with the same rules of law applicable to suits between private parties. R.C. 2743.02(A)(1); Reynolds v. State (1984), 14 Ohio St.3d 68,70. The language in R.C. 2743.02, that "[t]he state" shall "have its liability determined * * * in accordance with the same rules of law applicable to suits between private parties," means that the state cannot be sued for its legislative or judicial functions, or the exercise of an executive function involving a high degree of official judgment or discretion.Reynolds, at 70.
A parole board's decision to grant or deny parole is an executive function involving a high degree of official judgment or discretion. Von Hoene v. State (1985), 20 Ohio App.3d 363,364. Therefore, under the rationales in Von Hoene and Reynolds,
we conclude that the Court of Claims has no jurisdiction to hear a claim attacking a parole board's decision to grant or deny parole. Thus, in this case, the Court of Claims properly dismissed appellant's action attacking the parole board's decision to continue his sentence.
We note that the proper action for an inmate claiming entitlement to immediate release from prison is to file a writ of habeas corpus in a federal district court or state common pleas court. State ex rel. Smirnoff v. Greene (1998), 84 Ohio St.3d 165,167.
Additionally, appellant alleges in the beginning of his complaint and amended complaint that his claim is based on prison officials retaliating against him for his filing of complaints and grievances against them. For example, appellant claims that appellee removed him from work programs, transferred him to other institutions and increased his security status after he filed complaints and grievances against prison officials. Throughout his complaint and amended complaint, appellant asserts that appellee also failed to address several of his grievances and complaints.
The Court of Claims treated appellant's claims, relating to appellee addressing his grievances, as well as appellee's alleged retaliatory actions, as constitutional claims actionable under Section 1983, Title 42, U.S. Code. We conclude that the Court of Claims properly treated these claims as such.
Prisoners have a first amendment right to file grievances and complaints against prison officials. Gumpl v. Bost (1993),88 Ohio App.3d 325, 328; Karmasu v. Bendolf (Sept. 28, 1994), Scioto App. No. 93CA2160, unreported; see, also, Bounds v.Smith (1977), 430 U.S. 817, 821, 97 S.Ct. 1491, 1494. Prison officials may not retaliate against prisoners who exercise their first amendment right to file such complaints and grievances. Karmasu; see, also, Gumpl, at 328. Acts by prison officials that infringe upon a prisoner's constitutional rights or retaliate against a prisoner for the prisoner's exercise of a constitutionally protected right create a Section 1983, Title 42, U.S. Code cause of action. Gumpl, at 328; see, also, Stateex rel. Carter v. Schotten (1994), 70 Ohio St.3d 89, 91
(recognizing that inmates challenging the conditions of their confinement may utilize Section 1983, Title 42, U.S. Code to obtain relief).
Accordingly, the Court of Claims addressed its jurisdiction over Section 1983, Title 42, U.S. Code claims, which provides:
 Every person who, under color of [law], subjects, or causes to be subjected, any citizen of the United States * * * to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured * * *.
The meaning of "person" under Section 1983, Title 42, U.S. Code does not include the state, state agencies or suits against officials acting in their official capacity. Will v.Michigan Dept. of State Police (1989), 491 U.S. 58, 71,109 S.Ct. 2304, 2312; Burkey v. Southern Ohio Correctional Facility
(1988), 38 Ohio App.3d 170, 171.
Accordingly, this court has consistently held that the Court of Claims does not have jurisdiction over actions brought under Section 1983, Title 42, U.S. Code. White v. ChillicotheCorrectional Institution (Dec. 29, 1992), Franklin App. No. 92AP-1230, unreported (1992 Opinions 6353, 6355); see, also,Burkey, at 171. Such a conclusion is consistent with the fact that the Court of Claims has exclusive jurisdiction over civil actions against the state or its agencies, and that neither the state nor its agencies is a "person" within the meaning in Section 1983, Title 42, U.S. Code. See R.C. 2743.02(E) (mandating that the only defendant in original actions in the Court of Claims is the state or its agencies); R.C.2743.03(A)(1) (providing that the Court of Claims has exclusive, original jurisdiction over civil actions against the state and its agencies).
Therefore, based on the reasons noted above, we conclude that the Court of Claims lacks jurisdiction to hear appellant's constitutional claims arising under Section 1983, Title 42, U.S. Code. Thus, the Court of Claims properly dismissed such claims.
Despite our analysis above, individuals may assert Section 1983, Title 42, U.S. Code claims against state officials sued in their personal capacities for damages arising out of his or her conduct as a state employee. Hafer v. Melo (1991),502 U.S. 21, 26, 112 S.Ct. 358, 362. State officials sued in their personal capacities for damages arising out of his or her conduct as a state employee are "persons" under Section 1983, Title 42, U.S. Code. Id. Personal capacity suits seek to impose personal liability upon a government official against his or her personal assets for actions he or she takes under color of state law. Kentucky v. Graham (1985), 473 U.S. 159, 165,105 S.Ct. 3099, 3105. An individual asserting such a claim may bring the action in state common pleas court or federal district court. See Copper Care, Inc. v. Ohio Dept. of HumanServices (Dec. 28, 1998), Montgomery App. No. 17167, unreported (holding that a Section 1983, Title 42, U.S. Code suit against someone in his or her personal capacity for damages arising out of his or her conduct as a state employee may be brought in state common pleas courts); Hafer, at 30, quoting Scheuer v.Rhodes (1974), 416 U.S. 232, 238, 94 S.Ct. 1683, 1687 (noting that damages against a defendant sued in his or her personal capacity in federal court for constitutional violations are a permissible remedy).
As well, individuals may assert Section 1983, Title 42, U.S. Code claims against state officials sued in their official capacities for prospective injunctive relief. Hafer, at 27. State officials sued in their official capacities for prospective injunctive relief are "persons" under Section 1983, Title 42, U.S. Code. Id. An individual asserting such a claim may bring the action in state common pleas court or federal district court. See Schwarz v. Bd. of Trustees of Ohio StateUniv. (1987), 31 Ohio St.3d 267, 273 (holding that state common pleas courts have jurisdiction over Section 1983, Title 42, U.S. Code claims seeking prospective injunctive relief against state officers sued in their official capacities); see, also,Hutto v. Finney (1978), 437 U.S. 678, 98 S.Ct. 2565 (examining a case brought in federal district court awarding prospective injunctive relief against state prison officials for committing violations of prisoners' constitutional rights).
Additionally, the Court of Claims addressed its jurisdiction over the specific issues relating to appellee's decision to transfer appellant to other institutions, increase his security status and remove him from work programs absent their connection with appellant's constitutional claim.
As we previously mentioned in this opinion, the state cannot be sued in the Court of Claims for its legislative or judicial functions, or the exercise of an executive function involving a high degree of official discretion or judgment.Reynolds, at 70. We conclude that decisions relating to a prisoner's transfer to different institutions, classification and security status concern prison security and administration and are executive functions that involve a high degree of official discretion. See Bell v. Wolfish (1979), 441 U.S. 520,547, 99 S.Ct. 1861, 1878 (stressing the need for prison administrators to be accorded deference in adopting and executing policies and practices to preserve internal order and to maintain institutional security). Likewise, decisions to remove a prisoner from a work program is an executive decision that involves a high degree of official discretion and are due great deference. See Karmasu. Thus, the Court of Claims has no jurisdiction to hear appellant's claims specifically attacking his transfers to different institutions, increased security status and removal from work programs even without their connection to a constitutional claim. Accordingly, the Court of Claims properly dismissed such claims.
In summary, we conclude that the Court of Claims lacks jurisdiction to hear appellant's claims. As such, based on the reasons noted above, appellant's assignment of error is overruled, and the judgment of the Ohio Court of Claims is affirmed.
Judgment affirmed.
DESHLER and BOWMAN, JJ., concur.