OPINION
{¶ 1} Plaintiff-appellant, Lonnie Broomfield, appeals from the March 29, 2002 decision and entry of the Franklin County Court of Common Pleas granting defendant-appellee's, Denise Garnes, fka Denise Broomfield, motion to dismiss. For the reasons that follow, we reverse and remand the judgment of the trial court.
{¶ 2} On January 24, 2002, appellant filed a complaint against appellee alleging breach of contract. Appellee is appellant's ex-wife. Appellant alleged that appellee breached an agreement they made prior to their marriage, whereby appellee agreed to marry appellant, purchase a house, and to provide financial support to appellant until he was able to provide for himself. Appellant alleged in his complaint that appellee violated this agreement and that he should be compensated $2,500 for violation of his constitutional rights and for pain and suffering.
{¶ 3} On February 20, 2002, appellee filed an answer to appellant's complaint. Also on February 20, appellee filed a Civ.R. 12(B)(6) motion to dismiss. On March 29, 2002, the trial court, determining that appellee's motion was unopposed, granted appellee's motion to dismiss concluding:
{¶ 4} "The Court finds that the Plaintiff has asserted no set of facts, which construed in his favor, would entitle him to relief. The Complaint is devoid of any facts that underpin a breach of contract claim, such as a recitation of the consideration provided for the contract. Further, there is evidence of the alleged agreement, as it was made orally." (Decision and Entry Granting Defendant's Motion to Dismiss, March 29, 2002.)
{¶ 5} It is from this judgment that appellant timely appeals, assigning the following as error:
{¶ 6} "The Appellant contends that the error was when the Court stated that this motion was unopposed, when the record will show that Appellant did file a response to oppose the motion to dismiss. The Appellant also contends that his response showed were [sic] the breach of contract exist, and were [sic] he was entitle [sic] to relief, therefore the court error [sic] when he did not review Appellant's response motion."
{¶ 7} In his single assignment of error, appellant raises two issues for our review. First, appellant argues that the trial court erred in stating that appellee's motion to dismiss was unopposed. After a careful review of the record, we note that, while appellant opposed appellee's motion to dismiss, appellant's response was untimely. Appellee's Motion to Dismiss was filed on February 20, 2002. Appellant filed a "Response to Motion to Dismiss An Answer" on March 18, 2002. Under the local rules of the trial court, appellant had 14 days to respond to appellee's motion. See, generally, Loc.R. 15.01 of the Court of Common Pleas of Franklin County, General Division. However, appellant's response was untimely, as it was filed 26 days after appellee filed her motion to dismiss.
{¶ 8} Second, appellant argues that the trial court erred in granting appellee's motion to dismiss as his complaint did state a cause of action for breach of contract.
{¶ 9} Civ.R. 12(B) provides in pertinent part:
{¶ 10} "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * * (6) failure to state a claim upon which relief can be granted * * *."
{¶ 11} "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992), 65 Ohio St.3d 545, 548. In order for a trial court to grant a motion to dismiss for failure to state a claim upon which relief can be granted, "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." O'Brien v. Univ. Community Tenants Union (1975), 42 Ohio St.2d 242, syllabus. In resolving a Civ.R. 12(B)(6) motion to dismiss, the trial court may consider only the statements and facts contained in the pleadings and may not consider or rely on evidence outside the complaint. Estate of Sherman v. Millhon (1995), 104 Ohio App.3d 614, 617, citing Peterson v. Teodosio (1973), 34 Ohio St.2d 161; Burnside v. Leimbach (1991), 71 Ohio App.3d 399.
{¶ 12} Although the precise nature of appellant's claim is less than clear, when viewed in a light favorable to appellant, it is not apparent that he failed to minimally state a claim for breach of contract. Therefore, the trial court erred in dismissing the case for failure to state a claim upon which relief can be granted.
{¶ 13} For the foregoing reasons, appellant's assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this case is remanded for proceedings consistent with this opinion.
Judgment reversed and case remanded.
DESHLER and KLATT, JJ., concur.