THACKER ET AL., APPELLANTS, *v.* BOARD OF TRUSTEES OF THE OHIO STATE UNIVERSITY ET AL., APPELLEES.

[Cite as Thacker v. Bd. of Trustees of Ohio State Univ. (1971), 31 Ohio App. 2d 17.]

18

(No. 71-332—Decided November 30, 1971.)

*Messrs. Santen, Santen & Hughes,* for appellants.
*Mr. William J. Brown,* Attorney General, *Messrs. Vorys, Sater, Seymour & Pease* and *Mr. Paul Thomas Key,* for appellees.

WHITESIDE, J. This is an appeal from a judgment of the Franklin County Court of Common Pleas dismissing an action against the Board of Trustees of The Ohio State University and The Ohio State University Hospitals, for the reason that the complaint failed to state a claim against the defendants upon which relief could be granted.

Plaintiffs, by their complaint, sought damages from the defendant Board of Trustees of The Ohio State University and The Ohio State University Hospitals, resulting from allegedly negligent care and treatment received by plaintiff Esther H. Thacker while she was a patient at The Ohio State University Hospitals. The defendants filed a motion to dismiss the action, upon the grounds that the complaint did not state a claim upon which relief could be granted, contending that the defendants are not suable in tort. The trial court found the motion to be well taken and dismissed the action. Plaintiffs appeal from this judgment.

Plaintiffs have listed a single assignment of error, as follows: .

"The Court of Common Pleas erred in sustaining the

defendants' motion to dismiss without first making a determination whether the defendants, in operating the Ohio State University Hospitals, were exercising a governmental function or a proprietary function.''

At oral argument, it was agreed by counsel that the assignment of error herein raises both the basic issue of whether the defendants may rely upon the defense of sovereign immunity, and the issue of whether the defendants may rely upon the defense of sovereign immunity if they were engaged in a proprietary function rather than a governmental function. With regard to the governmental versus proprietary function argument, plaintiffs rely upon the case of *Hyde* v. *Lakewood* (1965), 2 Ohio St. 2d 155, the second paragraph of the syllabus of which reads as follows:

''Whether the performance of various activities by a municipality is governmental or proprietary frequently depends on the peculiar facts of the particular case. In one instance a municipally owned hospital may be found to be carrying on a governmental function in the manner of its operation, whereas in another instance a finding may be made that a municipally owned hospital is being operated in a proprietary capacity.''

While liability has been imposed upon municipal corporations for negligence in the exercise of the proprietary function, counsel has cited, and we have found, no Ohio cases imposing liability upon the state or its agencies for negligence in the exercise of a proprietary function. On the other hand, the Supreme Court, on occasion, has recognized that the state may act in a proprietary, as well as a governmental, capacity. *E. g., Cleveland Terminal & Valley R. R. Co.* v *State* (1912), 85 Ohio St. 251; *Fidelity & Casualty Co. of New York* v. *Union Savings Bank Co.* (1928), 119 Ohio St. 124. In the latter case it was stated, at page 131:

''* * * That no sovereign prerogatives can be asserted where the government is acting in its proprietary capacity has been so often asserted by the courts of this state that it is not necessary to cite or discuss the authorities which

support that proposition. It is only necessary to inquire whether or not in a given case the government is acting in the exercise of a governmental function.''

However, in actual application, it appears that, with regard to the state, this principle has been applied only where the state appears in court as a plaintiff. See *State v. Executor of Buttles* (1854), 3 Ohio St. 309.

Where an action has been brought against the state, the invariable result has been a determination that the state cannot be sued in the courts of this state without the consent of the state. The first paragraph of the syllabus of *Raudabaugh v. Ohio* (1917), 96 Ohio St. 513, reads simply as follows:

''A state is not subject to suit in its own courts without its express consent.''

Similarly, the first paragraph of the syllabus of *West Park Shopping Center, Inc.,* v. *Masheter* (1966), 6 Ohio St. 2d 142, reads as follows:

''By reason of the doctrine of sovereign immunity, the state of Ohio cannot be sued without its consent.''

Furthermore, with specific reference to the defendants herein, the Supreme Court held, in the fourth paragraph of the syllabus of *Wolf* v. *Ohio State University Hospital* (1959), 170 Ohio St. 49, as follows:

''The Ohio State University and the Ohio State University Hospital are instrumentalities of the state of Ohio and as such are not suable in tort until the General Assembly of Ohio enacts a statute determining the courts and the manner in which such suits may be brought against the state.''

While it is true that Chief Justice Taft, in a concurring opinion, stated that the issue of whether the defendants are ''suable or liable in tort for negligence in the performance of a proprietary function is a question not before us for determination in this case,'' Justice Taft did not concur in the fourth paragraph of the syllabus of that case. It would appear, therefore, that the majority of the Supreme Court, in the *Wolf* case, made no distinction between governmental and proprietary functions with reference to the defendants herein.

In *Schaffer* v. *Bd. of Trustees of the Franklin County Veterans Memorial* (1960), 171 Ohio St. 228, the Supreme Court rejected an argument that counties should be liable in tort to the same extent as municipal corporations. The syllabus of that case reads: "In the absence of statutory authorization therefor, a county or its agencies are immune from suit for negligence." At pages 229-230, we find the following discussion:

"Therefore, in the absence of statutory authorization, the state and its instrumentalities are completely immune from suit.

"This brings us to the question as to whether such immunity extends to a county.

"* * *

"Plaintiff urges that a county stands in the same position and is liable to the same extent as a municipal corporation. In this regard, plaintiff fails to recognize that a county is a subdivision of the state, organized for judicial and political purposes. It is not a legal person or a separate political entity. A municipal corporation, on the other hand, is a corporation invested with certain powers of a private or proprietary nature. * * *"

While it may be argued that no rational basis exists for distinguishing between municipal corporations, other political subdivisions, and the state itself, with respect to imposing liability for acts performed in a proprietary capacity and not imposing liability with respect to acts performed in a governmental capacity, especially in view of Article XVIII of the Ohio Constitution, this court must, regardless of its own views, apply the law announced by the Supreme Court of Ohio, which has clearly made the distinction. In the *Wolf* case, *supra,* the Supreme Court expressly held that the defendants herein are not suable in tort in the absence of a statute determining the courts and the manner in which such suit may be brought, and further held that R. C. 3335.03 is not such a statute.

The determinations of the Supreme Court in the *Wolf* case, *supra,* may well be debatable, however, this court has no jurisdiction to reverse, modify, or overrule a decision of the Ohio Supreme Court.

Plaintiffs' second contention is, essentially, that in view of the recent decision in *Krause* v. *State* (1971), 28 Ohio App. 2d 1, the doctrine of sovereign immunity is no longer a viable defense to an action against the state.

In a recent unreported decision in *Peter Kiewit Sons' Co.* v. *Masheter,* case number 71-15, rendered on July 13, 1971, we stated:

"Section 16, Article I of the Ohio Constitution provides that: 'Suits may be brought against the state, in such courts and in such manner, as may be provided by law.' If an open question, this section might be construed as a waiver of sovereign immunity subject to the right of the legislature to limit the courts and manner in which suits against the state could be brought. However, the Supreme Court has expressly held that Section 16, Article I, Ohio Constitution, is not self-executing but is merely a grant of power to the legislature to waive the sovereign immunity of the state. See *Raudabaugh* v. *The State of Ohio* (1917), 96 Ohio St. 513 * * *."

The Supreme Court of Ohio has repeatedly held that Section 16, Article I, Ohio Constitution, is not self-executing. We were, perhaps, overbroad in our statement in the *Kiewit* case that that section was merely a grant of power to the Legislature. However, the various decisions of the Supreme Court of Ohio, including that in *Wolf, supra,* have expressly held that the constitutional provision for suits against the state is not self-executing, but rather, becomes effective only when (1) there is provided by law the manner of bringing suits against the state and (2) there is provided by law the courts in which suits against the state may be brought. The words "in such manner" obviously have reference to a procedural method by which the suits against the state may be brought. The "manner" may well have been supplied by Rule 4.2 (10) of the Rules of Civil Procedure which reads, in pertinent part:

"Service of process, * * * shall be made as follows:

"(10) Upon this state or any one of its departments, offices and institutions as defined in Section 121.01(C), Revised Code, by serving the officer responsible for the

administration of the department, office or institution or by serving the attorney general of this state; * * *''

Similar provisions for service upon counties, townships, municipal corporations, and other governmental entities is provided by Civil Rule 4.2 (11), (12), (13), and (14).

Even if Civil Rule 4.2 (10) is viewed as supplying the manner in which suits may be brought against the state, there appears to be no law determining the courts in which suits may be brought against the state. This requirement may be viewed either as a matter of jurisdiction or of venue, or both. Former R. C. 2307.35 and present Civil Rule 3(B)(4) provide for venue for actions brought against a public officer in his official capacity. There are other statutes, such as R. C. 122.42 and 5501.18, which relate to the venue of actions brought against specific state officers. There is, however, no statute or rule which generally specifies the courts in which suits against the state may be brought.

The Cuyahoga County Court of Appeals, in the *Krause* case, *supra*, apparently considered R. C. 2305.01 and 2307.01 as constituting such statutes. These, however, are merely general statutes, and make no specific reference to suits against the state. That court also found governmental immunity to be ''an anachronism'' and to constitute a denial of equal protection of the law.

We decline to follow the *Krause* case, not so much upon the basic merits, as upon a more important and overriding principle: that of *stare decisis. Stare decisis* has two aspects; (1) that a court will adhere to previously announced principles of law by the same court in the absence of overriding considerations, and (2) that a court is bound by and must follow decisions of a reviewing court which have decided the issue involved.

Under this principle, we are bound by and must follow the decisions of the Ohio Supreme Court. To do otherwise would do violence to the doctrine that ours is a government of law, not of men.

The Supreme Court of Ohio has determined the is-

sues herein involved, having expressly determined that the state is not subject to suit in the courts of this state without its express consent, that the provisions of Section 16, Article I, Ohio Constitution, are not self-executing, and more specifically, that the defendants herein "are not suable in tort until the General Assembly of Ohio enacts a statute determining the courts and the manner in which such suits may be brought against the state." We are, therefore, bound to follow these determinations until either the General Assembly or the Supreme Court acts to the contrary.

The Supreme Court (but not this court) is, of course, free to overrule its prior decisions and may, pursuant to Section 5(B), Article IV, Ohio Constitution, possess the power to place Section 16, Article I, Ohio Constitution, into operation. But until the Supreme Court does so, this court has no choice but to follow the decision of the Supreme Court in the *Wolf* case, *supra*.

We realize that our decision herein may well be so in conflict with that reached in the *Krause* case, *supra*, as to require certification to the Supreme Court pursuant to Section 3(B)(4), Article IV, Ohio Constitution. Upon proper motion, we shall consider that issue.

For the foregoing reasons, the assignment of error is overruled, and the judgment of the Court of Common Pleas of Franklin County is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and HOLMES, JJ., concur.