Defendant-appellant Alvin W. Lasher appeals his conviction in the Garfield Heights Municipal Court for importuning, in violation of R.C. 2907.07(B). Appellant asserts that the trial court erred in denying his motion to dismiss and that there was insufficient evidence to convict him. For the reasons stated below, we reverse.
The record and the agreed statement of the evidence reflect that on April 29, 1997, Sergeant Mark Carney, a Ranger with the Cleveland Metroparks Ranger Department, was working as an undercover officer in the Meadows Picnic Area, a public recreation area that is part of the Cleveland Metroparks. Sergeant Carney was aware of vice activity in the Meadows Picnic Area and his duty that day was to detect any such activity in the area. Sergeant Carney was accompanied by Officer Gary Pace of the Cuyahoga Valley National Park Service.
Sergeant Carney testified that as he drove into the Meadows Picnic Area parking lot, he observed appellant, dressed in a suit, trench coat and hat and standing next to a Buick Skylark, write something on a piece of paper and hand it to the driver of the car, who then drove away.
Sergeant Carney then observed appellant walk to the men's room, enter and peer out onto the parking lot through lattice vents in the men's room. After a minute or two, Sergeant Carney entered the men's room, where he saw appellant, fully dressed, sitting on the toilet and smiling. Sergeant Carney said "hello" to appellant and walked to the urinal immediately adjacent to the toilet where appellant was sitting.
The urinal and toilet were separated by a partition. Sergeant Carney testified that there was a "glory" hole in the partition, which he described as a hole punched in the partition so that men can engage in sexual activity.
According to Sergeant Carney, he was too upset to urinate because he observed appellant watching him through the "glory" hole in the wall. Sergeant Carney then asked appellant, "What are you looking for?" Appellant replied that he would like to "suck" him. When Carney replied, "Excuse me," appellant repeated his comment.
Officer Pace, acting as back-up to Sergeant Carney, listened to the conversation between Carney and appellant via a body wire worn by Sergeant Carney and verified Carney's version of the conversation at trial.
Sergeant Carney testified that he was so offended by appellant's solicitations that he immediately wanted to hit him. Carney testified that appellant's solicitations were "fighting words" to him and that if he had been off duty, he certainly would have struck appellant. Sergeant Carney also testified that appellant's solicitations especially angered him because they occurred in a park frequented by children and families and that, in his opinion, appellant was reckless in soliciting him.
Sergeant Carney then identified himself as a police officer and informed appellant that he was under arrest. Appellant was issued a misdemeanor citation charging him with the offense of importuning, in violation of R.C. 2907.07(B), which provides:
 No person shall solicit a person of the same sex to engage in sexual activity with the offender, when the offender knows such solicitation is offensive to the other person, or is reckless in that regard.
On July 3, 1997, appellant filed a motion to dismiss the charge, arguing that R.C. 2907.07(B) is unconstitutional because it violates the First and Fourteenth Amendments to the United States Constitution and Sections 2 and 11, Article I, of the Ohio Constitution. The trial court denied appellant's motion to dismiss and on August 8, 1997, the case proceeded to a jury trial. The jury returned a guilty verdict.
On August 25, 1997, appellant was sentenced to a six-month jail term and a $1,000 fine. Execution of the sentence was stayed pending appeal.
Appellant timely appeals his conviction, assigning three assignments of error for our review:
 I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT-DEFENDANT'S MOTION TO DISMISS ON THE PREMISE THAT OHIO REVISED CODE § 2907.07(B) IS UNCONSTITUTIONAL AS VIOLATIVE OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 11 OF THE CONSTITUTION OF THE STATE OF OHIO.
 II. THE TRIAL COURT ERRED IN OVERRULING APPELLANT-DEFENDANT'S MOTION TO DISMISS ON THE PREMISE THAT OHIO REVISED CODE § 2907.07(B) IS UNCONSTITUTIONAL AS VIOLATIVE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 2
OF THE CONSTITUTION OF THE STATE OF OHIO.
 III. THE VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AS THERE WAS INSUFFICIENT EVIDENCE UPON WHICH A TRIER OF FACT COULD REASONABLY CONCLUDE THAT THE DEFENDANT WAS GUILTY OF IMPORTUNING BEYOND A REASONABLE DOUBT.
In his first assignment of error, appellant asserts that the trial court erred in denying his motion to dismiss because R.C.2907.07(B) is unconstitutionally overbroad, impermissibly criminalizing speech that is protected by the First Amendment to the U.S. Constitution and Section 11, Article I of the Ohio Constitution.
Appellant concedes that in State v. Phipps (1979), 58 Ohio St.2d 271, the Ohio Supreme Court held that R.C. 2907.07(B) is not unconstitutionally overbroad.[1] In Phipps, the defendant was convicted of the charge of importuning under R.C. 2907.07(B). The Court of Appeals reversed the conviction, finding that R.C.2907.07(B) is in violation of the First Amendment to the U.S. Constitution as an overbroad restriction on speech and in violation of the Fourteenth Amendment because it is void for vagueness. The Ohio Supreme Court reversed the Court of Appeals, however, finding that the statute is neither constitutionally overbroad nor vague.
The Ohio Supreme Court upheld the statute by reasoning that although R.C. 2907.07(B) is impermissibly overbroad on its face, it can be construed to apply only to situations where the solicitation amounts to "fighting words." Because "fighting words" are a class of speech that is per se unprotected by theFirst Amendment, R.C. 2907.07(B), as applied, does not violate the Constitution.
Appellant does not argue that Phipps was wrongly decided. Rather, he asserts that even assuming the analysis in Phipps
was constitutionally sound at the time it was decided, the rationale for the Phipps decision has been invalidated by a subsequent interpretation of the First Amendment in R.A.V. v.The City of St. Paul (1992), 505 U.S. 377, in which the U.S. Supreme Court recognized that "fighting words" are not per se
excluded from First Amendment protection. According to appellant, R.A.V. makes it clear that "fighting words" are afforded sufficient protection under the Constitution such that the state may not criminalize particular content- or viewpoint-based subcategories within the broad category of fighting words. Because R.C. 2907.07(B) criminalizes fighting words based upon a content-based distinction (i.e., speech related to homosexual solicitation as opposed to heterosexual solicitation), the reasoning of Phipps is no longer valid, and R.C. 2907.07(B) must fail.
Plaintiff-appellee argues, however, that R.A.V. is not applicable to this case. Appellee contends that R.C. 2907.07(B) proscribes unwanted sexual invitations, whether made by heterosexuals or homosexuals. According to appellee, such unwanted invitations are not protected by the First Amendment because they violate the privacy rights of the person who is solicited. Therefore, because the rationale for the R.A.V.
decision was that "otherwise permitted speech" cannot be regulated on the basis of the subjects the speech addresses, and the speech prohibited by R.C. 2907.07(B) is not "otherwise permitted," R.A.V. does not apply.
Decisions of a court of last resort are to be regarded as law and should be followed by inferior courts, whatever the view of the latter may be as to their correctness, until they have been reversed or overruled. Krause v. State (1972), 31 Ohio St.2d 132,148 (concurring opinion, per Corrigan, J.) The Ohio Supreme Court decision in State v. Phipps is controlling authority in Ohio regarding the constitutionality of R.C.2907.07(B). Accordingly, no matter how persuasive appellant's arguments may be, this court is constrained to apply the doctrine of stare decisis and follow Phipps. Appellant's first assignment of error is therefore overruled.
In his second assignment of error, appellant argues that the trial court erred in overruling his motion to dismiss because R.C. 2907.07(B) violates the Equal Protection Clause of theFourteenth Amendment to the U.S. Constitution and Section 2, Article I of the Ohio Constitution. Specifically, appellant asserts that R.C. 2907.07(B) is discriminatorily applied solely to the homosexual community and must therefore be struck down.
Homosexuals are not a suspect class, see Equality Foundationof Greater Cincinnati, Inc., et al. v. City of Cincinnati
(C.A.6, 1995); and, therefore, appellant's equal protection argument regarding R.C. 2907.07(B) must be analyzed under the rational basis test. State v. Perrin (1991), 62 Ohio Misc.2d 51,53. Under this test, a statute must be "reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike." Id. at 53, citing F.S. Royster Guano Co. v.Virginia (1920), 253 U.S. 412, 415. Appellant argues that R.C.2907.07(B) does not meet the burdens of this test.
According to the Committee Comment to R.C. 2907.07(B), the stated purpose of the statute is to avoid offensive sexual solicitations that may result in violence. Appellant argues that heterosexual solicitations are just as likely to invoke a violent response as those of a homosexual nature. Therefore, if the true purpose of the statute were to avoid violent responses to a sexual solicitation, all such solicitations, whether heterosexual or homosexual in nature, would be criminalized. Appellant asserts that there is no rational basis for burdening only the homosexual community with criminal liability for conduct that is legal if exercised by a heterosexual and, therefore, R.C. 2907.07(B) violates the right to equal protection guaranteed by the Federal and Ohio Constitutions.
Appellant cites State v. Perrin (1991), 62 Ohio Misc.2d 51, and State v. Faulk (Sept. 13, 1978), Hamilton App. No. C-77486, unreported, as authority for this argument. In Perrin, the Hamilton County Municipal Court found the defendant not guilty of importuning under R.C. 2907.07(B) on the grounds that the solicitation did not amount to "fighting words" which would incite the average person to immediate violence. Although the court declined to decide the constitutionally of the statute because it could reach the same result on other grounds, the court analyzed defendant's equal protection claim and concluded that it could "perceive of no rational basis for burdening only homosexuals with criminal liability for conduct which, if practiced by heterosexuals, would be entirely lawful." Id. at 53.
In Faulk, the Hamilton County Court of Appeals held R.C.2907.07(B) facially unconstitutional because it creates a classification which denies homosexuals equal protection of the law. The Appeals Court noted that there were two possible state interests to justify the statute: 1) protecting and promoting the heterosexual family unit; and 2) protecting citizens from offensive conduct which may precipitate physical violence. Id.
at 9. The court concluded that since the Ohio legislature has decriminalized homosexual activity between consenting adults, R.C. 2907.07(B) does not advance a consistent and well-defined governmental interest in deterring the initiation and development of homosexual relationships. Id. The court also concluded that because only homosexuals are burdened with criminal liability for conduct that is lawful if practiced by heterosexuals, the classification created by the statute is not reasonably or rationally related to the accomplishment of the second alleged governmental interest — protection of the public from inflammatory sexual proposals. Because there is no rational basis for the different treatment accorded to homosexuals under the statute, the court held R.C. 2907.07(B) to be unconstitutional on its face. Id. at 11.
Appellant presents well-reasoned and persuasive arguments addressing the viability of R.C. 2907.07(B) in light of the right to equal protection guaranteed by the U.S. and Ohio Constitutions. However, neither Perrin nor Faulk is dispositive of appellant's second assignment of error. Neither case is from this district; therefore, neither is controlling. Moreover,Perrin was not decided on constitutional grounds. Accordingly, the court's equal protection analysis regarding R.C. 2907.07(B) is merely dicta. And finally, although Phipps was not decided on an equal protection basis, the Ohio Supreme Court reversedFaulk without opinion (Case no. 78-1443, June 6, 1979), on authority of Phipps.
We are "bound by and must follow decisions of the Ohio Supreme Court." Victoria Mortgage Corp. v. Williams (Apr. 25, 1996), Cuyahoga App. No. 68012, unreported, quoting Thacker v.Bd. Of Trustees of Ohio State Univ. (1971), 31 Ohio App.2d 17. Accordingly, we must overrule appellant's second assignment of error.
In his third assignment of error, appellant argues that his conviction was against the manifest weight of the evidence because there was insufficient evidence presented at trial to support his conviction. Specifically, appellant asserts that the state failed to present sufficient evidence that appellant's conduct amounted to "fighting words," or that his conduct was reckless.[2]
A challenge to the sufficiency of evidence supporting a conviction requires a court to determine whether the state has met its burden of production at trial. State ex rel. v.Crawford (1997), 78 Ohio St.3d 380, 390. On review for sufficiency, courts are to assess not whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. Id.
The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. Viewing the evidence in a light most favorable to the prosecution, we cannot say that the record contains substantial evidence to prove all of the elements of importuning beyond a reasonable doubt.
" 'Fighting words' are those 'which by their very utterance inflict injury or tend to incite an immediate breach of the peace." Phipps, supra at 278, quoting Chaplinsky v. NewHampshire (1942), 315 U.S. 568, 572. In determining whether appellant's solicitations rose to the level of "fighting words," one must look at the circumstances surrounding the utterance. State v. Presley (1992), 81 Ohio App.3d 721.
Here, the evidence is just not sufficient to support a conclusion that appellant's words tended to incite an immediate breach of the peace. Sergeant Carney is a police officer and trained to exercise a higher degree of restraint than the average person, especially in this factual scenario where he is acting as a decoy in hopes of eliciting a solicitation. Accordingly, there was no real likelihood that Sergeant Carney would react violently to appellant's words. The likelihood that, in these circumstances, appellant's words would incite the average person to immediate violence is similarly remote. When Sergeant Carney entered the restroom, appellant was fully clothed and sitting in a stall. At no time did he ever approach Sergeant Carney or make any physical move toward him. By his own description of the restroom layout, Sergeant Carney could have exited the restroom at any time without incident. Moreover, appellant merely told Sergeant Carney what he wanted to do to him; he did not ask Carney to perform any act. Under these circumstances and on this evidence, we conclude that although appellant's words may well have been inappropriate, annoying and even offensive, nonetheless, they did not rise to the level of fighting words.
There is similarly insufficient evidence in the record to establish that appellant was reckless in his solicitation of Sergeant Carney. It was Sergeant Carney who initiated the conversation with appellant and who asked appellant to repeat his comment to him. Thus, we are unable to conclude that appellant acted with heedless indifference to the consequences that his solicitation would be offensive.
Appellant's third assignment of error is sustained. The judgment of the Garfield Heights Municipal Court is reversed and defendant is discharged.
This cause is reversed for further proceedings consistent with the opinion herein.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _______________________________ TIMOTHY E. McMONAGLE JUDGE
KARPINSKI, J., CONCURS;
DYKE, P.J., CONCURS IN JUDGMENT ONLY.
N.B. This entry is an announcement of the court's decision. See App.R. 22(D) and 26(A); Loc.App.R. 22(B), 22(D) and 26(A); Loc.App.R. 27. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct. Prac.R. II, Section 2(A) (1).
[1] The Ohio Supreme Court also held in Phipps that R.C.2907.07(B) is not void for vagueness. Appellant does not raise the vagueness issue as an assignment of error and, accordingly, we do not address it.
[2] Although appellant's assignment of error asserts that his conviction was against the manifest weight of the evidence, it is apparent from his argument that he is challenging the sufficiency of the evidence, not the weight of the evidence.