JOURNAL ENTRY AND OPINION.
{¶ 1} This is an appeal by Scott Stockwell from the sentences imposed by Judge Shirley Strickland Saffold following a remand for re-sentencing. Stockwell claims that it was error to reimpose a sentence for a specification this court had reversed, to enhance a sentence in violation of his due process rights, and to impose consecutive sentences. We vacate in part, reverse in part and remand for resentencing.
 {¶ 2} On April 3, 2000, Stockwell was charged with one count of first-degree felony possession of cocaine in an amount greater than one thousand grams,[1] and this count contained a major drug offender specification.[2] He was also charged with failure to comply with the order of a police officer,[3] with a specification alleging that, in failing to comply, he operated a motor vehicle either in fleeing immediately after committing a felony, or in such a way as to cause substantial risk of serious physical harm; and, with one count of possession of criminal tools, to wit: the 1993 Chevrolet Tahoe he was driving.[4]
 {¶ 3} The State contended that Stockwell had attempted to receive the cocaine through the mail, at an address of an acquaintance and, when he went to pick up the package and police appeared, he attempted to flee in his SUV.
 {¶ 4} A jury found Stockwell guilty on all counts as charged. Immediately after the verdict was announced, the judge sentenced him to a mandatory prison term of ten years imprisonment on the possession charge, consecutive to an additional ten years on the major drug offender specification, and consecutive to twelve month sentences of incarceration on the failure to comply and possession of criminal tools counts, for a total prison term of twenty-two years.
 {¶ 5} He appealed his sentences to this court, and we reversed the imposition of the ten-year sentence imposed under the major drug offender specification as unsupported by the evidence.[5] We also determined that the judge made no findings to indicate that she considered imposing the minimum sentences imposed on offenders being incarcerated for the first time before sentencing Stockwell to twelve months imprisonment on the failure to comply and possession of criminal tools counts.[6] Because of this finding, we vacated the sentences imposed for the failure to comply and possession of criminal tools counts and remanded for resentencing.[7]
 {¶ 6} At resentencing, the judge again imposed consecutive prison terms of ten years, on the count of possession of cocaine in an amount exceeding one thousand grams; ten years, on the major drug offender specification; and, twelve months on one count of possession of criminal tools. In addition, she increased the prison term imposed on the count of failure to comply with an order of a police officer to a consecutive seventeen-month term, as opposed to the twelve-month prison term she initially imposed. On each count, he was also sentenced to a $250 fine and court costs. He now asserts four assignments of error set forth at Appendix A.
 {¶ 7} In his first assignment of error, Stockwell contends that the judge was without authority to impose any additional prison sentence for the major drug offender specification and the State concedes this error.
 {¶ 8} Our opinion in Stockwell I made it clear that the imposition of any sentence enhancement under the major drug offender specification was not supported, not because the judge did not articulate reasons to justify it, but because the evidence introduced did not warrant the imposition of any further prison term in any circumstance. We found that, examining the evidence in the case and the circumstances of the offenses, we saw no way that the criteria of R.C. 2929.14(D)(2)(b)(ii) could be met.[8] We reversed the imposition of the ten-year sentence imposed on the major drug offender specification as a matter of law.
 {¶ 9} In contrast, in deciding whether the sentences imposed for the failure to comply and possession of criminal tools counts were statutorily appropriate, we ruled that the judge did not articulate, on the record, findings sufficient to overcome the presumption that minimum sentences were appropriate, as R.C. 2929.14(B) requires. We then stated, "[t]herefore, we must vacate the sentence imposed on counts two and three and remand for resentencing."[9] In addition, we cited to State v.Turner,[10] which specifically dealt with the vacation of a sentence due to a judge's failure to consider the requirements of R.C. 2929.14(B) in pronouncing sentence, and we remanded for resentencing for precisely that reason.
 {¶ 10} It was clear that our reversal of Stockwell's major drug offender sentence, as a matter of law, was a determination separate from the vacation of the sentences for the failure to comply and possession of criminal tools counts, and the need to re-sentence. This assignment of error has merit.
 {¶ 11} In his second assignment of error, Stockwell complains that R.C. 2929.14(D)(3)(b), outlining the criteria for imposing a prison term above the statutory maximum for a major drug offender, is unconstitutional because the factual determination made by the judge in deciding whether to impose an additional term was not submitted to the jury, and it therefore violates constitutional due process principles.[11]
 {¶ 12} We decline to address the constitutionality of R.C.2929.14(D)(3)(b), however, because Stockwell has received the relief he requested on non-constitutional grounds. Courts find it unnecessary to address constitutional issues where the party raising that issue can prevail on other grounds, making constitutional decisions unnecessary because any assumed constitutional infirmity does not prejudice the complaining party.[12] There is no need to reach this assignment of error.
 {¶ 13} Next, Stockwell complains that the judge offered no justification for enhancing his sentence on the failure to comply count to seventeen months in prison, when she had originally sentenced him to twelve months prison at his first sentencing hearing. The State also concedes this assignment of error, and we agree that the enhancement was improper.
 {¶ 14} In the case of North Carolina v. Pearce,[13] the U.S. Supreme Court declared the following principle:
"Due process of law, then, requires that vindictiveness against adefendant for having successfully attacked his first conviction must playno part in the sentence he receives after a new trial. And since the fearof such vindictiveness may unconstitutionally deter a defendant'sexercise of the right to appeal or collaterally attack his firstconviction, due process also requires that a defendant be free ofapprehension of such a retaliatory motivation on the part of thesentencing judge. * * * In order to assure the absence of such amotivation, we have concluded that whenever a judge imposes a more severesentence upon a defendant after a new trial, the reasons for his doing somust affirmatively appear. Those reasons must be based upon objectiveinformation concerning identifiable conduct on the part of the defendantoccurring after the time of the original sentencing proceeding."[14]
 {¶ 15} We have remarked that resentencing a defendant to a harsher sentence following a successful appeal gives rise to "a presumption of vindictiveness. * * * In order to overcome the presumption, the trial court must make affirmative findings on the record regarding conduct or events that occurred or were discovered after the original sentencing."[15]
 "The freedom of a sentencing judge to consider the defendant's conductsubsequent to the first conviction in imposing a new sentence is no morethan consonant with the principle * * * that a State may adopt the`prevalent modern philosophy of penology that the punishment should fitthe offender and not merely the crime.' * * * Thus in imposing a newsentence, the trial judge may consider "events subsequent to the firsttrial that may have thrown new light upon the defendant's `life, health,habits, conduct, and mental and moral propensities.' * * * Suchinformation may come to the judge's attention from evidence adduced atthe second trial itself, from a new presentence investigation, from thedefendant's prison record, or possibly from other sources."[16]
 {¶ 16} In this case, nothing in the transcript of the sentencing proceeding gives any indication that increasing the sentence for the failure to comply conviction had anything to do with any fact or circumstance that had either occurred or came to light following the first sentencing hearing. The judge simply remarked that seventeen months of incarceration was justified because the offense was "* * * more serious than most offenses of its kind, * * *" which is a clear indication that she was relying on the conduct constituting the offense itself. The sentence enhancement constitutes a violation of Stockwell's rights to due process of law, and was clearly and convincingly improper. This assignment of error has merit.
 {¶ 17} Finally, Stockwell contends that the record does not support the imposition of consecutive sentences in this case. Because this case is being remanded for resentencing, this assignment of error is moot.[17]
 {¶ 18} We vacate Stockwell's ten-year sentence of imprisonment on the major drug offender specification, reverse his sentence on the failure to comply count and remand for resentencing.
 {¶ 19} Judgment vacated in part, reversed in part and remanded for resentencing.
Appendix A:
"I. The trial court was without jurisdiction to impose a sentence often years on the major drug offender specification a second time, sincethe original sentence was reversed."
 "II. The trial court improperly sentenced Mr. Stockwell to anadditional ten years of imprisonment as a major drug offender."
 "III. The trial court erred by enhancing the sentence on Count Two byadding an additional five months, in violation of the defendant's rightto due process guaranteed by the United States Constitution."
 "IV. The trial court erred by imposing consecutive sentences on CountsTwo and Three."
PATRICIA A. BLACKMON, P.J., and TIMOTHY E. McMONAGLE, J., concur.
[1] R.C. 2925.11.
[2] R.C. 2929.14(D)(3); defined at R.C. 2929.01(X).
[3] R.C. 2921.331(B).
[4] R.C. 2923.24.
[5] State v. Stockwell (July 26, 2001), Cuyahoga App. No. 78501 ("Stockwell I").
[6] Id. In the verdict form for the failure to comply count, the jury was asked for a finding of whether Stockwell committed the offense while "* * * fleeing immediately after commission of a felony and/or the operation of the motor vehicle by the defendant caused a substantial risk of serious physical harm to persons or property." While the jury so found, we note that failing to comply while fleeing immediately after committing a felony is a fourth-degree felony (R.C. 2921.331(C)(4)), while failing to comply under circumstances where the operation of the motor vehicle by the defendant caused a substantial risk of serious physical harm to persons or property constitutes a felony of the third degree (R.C. 2921.331(C)(5)(a)(ii)). The judge sentenced Stockwell as though he was convicted of a fourth-degree felony, however, and so we will proceed under that assumption here. Possession of criminal tools with a specification that the criminal tools were used in the commission of a felony is a fifth-degree felony, so the judge actually sentenced Stockwell to the maximum term of incarceration on that count. See R.C.2923.34(C) and R.C. 2929.14(A)(5). As no assignment of error has been raised relative to this count, we do not evaluate the propriety of this sentence.
[7] Id.
[8] "However, the court's finding that witness tampering made this case one of the most serious kinds of cases that we've ever had is insufficient to support the conclusion that the [prison] terms imposed are demeaning to the seriousness of the offense. R.C. 2929.14(D)(2)(b)(ii). * * *
"In considering whether the prison term imposed is demeaning to the seriousness of the offense, the court is required to consider a list of factors relating to the offender, the offense, or the victim, and any other relevant factors, and must decide whether the factors indicating the offender's conduct is more serious (footnote omitted) outweigh factors indicating the offender's conduct is less serious than conduct normally constituting the offense. R.C. 2929.14(D)(2)(b)(ii) and 2929.12(B) and (C). The offender's conduct in court proceedings is not relevant in assessing whether the prison term imposed is demeaning to the seriousness of the offense under R.C. 2929.14(D)(2)(b)(ii). Therefore, the court's finding that witness tampering made this a serious case cannot be related to the findings required by R.C. 2929.14(D)(3)(b) and 2929.14(D)(2)(b)(ii) for imposing an additional term of imprisonment on a major drug offender. There was no other evidence to support a finding that theten-year prison term imposed on appellant for possession of cocaine woulddemean the seriousness of the offense. R.C. 2953.08(G)(2); 2929.14(D)(3)(b) and (D)(2)(b)(ii). The evidence at trial indicated that appellant signed for and received a package containing cocaine from a delivery service. The package was addressed to James Jones; the street address to which it was delivered was the residence of a Karen Ratliff, who had known appellant for some twenty years. We find no evidence that this conduct was either more or less serious than conduct normally constituting the offense; therefore, we clearly and convincingly find that the sentence imposed on appellant was contrary to law and reverse the court's addition of ten years to the sentence imposed upon appellant. R.C.2953.08(G)(2)(b)." Stockwell I, supra (emphasis added).
[9] Id.
[10] (Feb. 15, 2001), Cuyahoga App. No. 76940.
[11] Apprendi v. New Jersey (2000), 530 U.S. 466.
[12] State ex rel. Hayburn v. Kiefer (1993), 68 Ohio St.3d 132; Stateex rel Crabtree v. Bureau of Worker's Comp. (1994), 71 Ohio St.3d 504.
[13] (1969), 395 U.S. 711.
[14] Id. at 725-726.
[15] State v. Anderson, 151 Ohio App.3d 422, 2003 Ohio 429.
[16] Pearce, supra, at 723.
[17] 17App.R. 12(A)(1)(c).