JOURNAL ENTRY AND OPINION
{¶ 1} Marcus Blalock appeals from a resentencing order of Judge Nancy A. Fuerst that imposed a maximum prison term for his conviction of tampering with evidence,[1] and making it consecutive to his prison terms for other charges. We affirm.
 {¶ 2} Blalock was convicted of charges stemming from his involvement in the 2001 murder of Howard Rose, and his subsequent effort to dispose of the body by driving Rose's pickup truck to Pennsylvania and setting it on fire with the body inside.[2] Under one indictment he was found guilty of murder,[3] aggravated murder,[4] kidnapping,[5] and aggravated robbery,[6] all with firearms specifications,[7] and having a weapon under a disability.[8] Under a second indictment, but in the same trial, he was found guilty of tampering with evidence and obstruction of justice.[9] The judge sentenced him to life imprisonment with parole eligibility after twenty years for aggravated murder, concurrent with ten-year sentences for both the kidnapping and aggravated robbery charges, a concurrent one-year sentence for having a weapon under a disability, and a consecutive three-year prison term for the firearm specification.[10] Under the second indictment she imposed concurrent five-year prison terms for tampering with evidence and obstruction of justice, but imposed that sentence consecutive to the sentence imposed under the first indictment.
 {¶ 3} On appeal, this court affirmed the convictions under the first indictment,[11] reversed the conviction for obstruction of justice,[12] and affirmed the guilty verdict for tampering with evidence, but vacated the sentence for that offense because the judge failed to make the findings necessary before imposing the sentence consecutively.[13] On resentencing the judge imposed the same consecutive five-year prison term for tampering with evidence, and Blalock asserts four assignments of error, attached as an Appendix to this opinion.
 {¶ 4} He first claims the judge incorrectly stated that the third degree felony conviction carried a presumption that a prison term was appropriate, and that she erred in imposing a sentence based on this mistake. The sentencing transcript, however, shows that the judge correctly stated that the offense carried "no presumption for or against prison," and that she based her decision to impose incarceration on the applicable statutory sentencing factors.[14] The first assignment is overruled.
 {¶ 5} Next he challenges the consecutive prison term, but he does not claim the judge made any error in sentencing. He argues instead that he was improperly convicted of the charge because neither the indictment nor the jury charge identified a specific act of tampering. Because this is an appeal of a resentencing order only, we will not address challenges to the guilty verdicts. The second assignment is overruled.
 {¶ 6} The third assignment claims the judge erred in finding that Blalock qualified for a maximum prison term because he committed the worst form of the offense.[15] The judge reasoned that the offense was the "worst form" both because the tampering effort attempted to conceal a murder, and because burning the body severely disfigured it, which delayed its identification and hampered the murder investigation. Blalock contends, however, that his sentence should be comparable to those imposed against other defendants who took part in the effort to destroy Rose's body. Specifically, he complains that Ernest McCauley, who was convicted of tampering with evidence for his participation in the incident, was sentenced to only four years in prison.[16]
 {¶ 7} Although Ohio's sentencing scheme is intended to achieve consistent results,[17] this does not mean that judges are required to give identical sentences in every case, even when defendants are convicted of the same offense for the same incident. When a judge provides findings and reasons in support of a maximum sentence, we will not overturn it unless the record clearly and convincingly fails to support those findings.[18] The judge reasonably could have found that Blalock committed the worst form of the offense because he made an extensive effort to conceal a grave criminal act. Moreover, his sentence for tampering with evidence is not utterly at odds with that given to McCauley, and the judge reasonably could have found that Blalock's participation in the incident was more culpable than that of McCauley or any other defendant because Blalock committed the murder. The third assignment of error is overruled.
 {¶ 8} The fourth assignment challenges the judge's findings in support of the consecutive sentence, and also claims that Blalock should not have been given the same sentence after his conviction for obstruction of justice was reversed. We reject the latter claim because, even though increased sentences on remand are presumptively unconstitutional,[19] we do not find that doctrine applicable to the facts here. Blalock was not given a greater sentence than that originally imposed; he was simply given the same five-year sentence previously imposed that, originally, had been concurrent with the five-year obstruction of justice sentence. He has cited no authority for the proposition that a defendant is entitled to a lesser sentence on remand in such circumstances, and we are not aware of any such authority.
 {¶ 9} Furthermore, the reasoning that mandated reversal of the obstruction of justice conviction in Blalock I did not lessen the seriousness of his conduct.[20] The obstruction of justice charge was reversed because it required evidence that he had acted to conceal evidence of a crime committed by someone else; the change did not apply to him only because he was concealing evidence of his own crime.[21]
 {¶ 10} The second portion of his argument claims the judge again failed to make the necessary findings before imposing consecutive sentences. Before imposing consecutive sentences a judge must find that such sentences are necessary to protect the public from future crime or to punish the offender, that the sentences are not disproportionate to the seriousness of the conduct and to the offender's danger to the public, and either: (a) the offense was committed while the offender was subject to other criminal proceedings or sanctions; (b) the harm caused was "so great or unusual" that no single prison term would be adequate; or (c) the offender's criminal history demonstrates the need for consecutive sentences.[22] In addition, the judge must state reasons to support the findings.[23]
 {¶ 11} Blalock claims the judge's findings were inadequate, but he does not specifically state which findings were lacking. The judge found that the consecutive sentence was necessary to punish Blalock and that the added five-year prison term was not disproportionate, reasoning that the effort in taking the body to a distant location and burning it supported those findings. She also found that the harm caused by "totally disfiguring" Rose's body was so great that no single prison term would reflect its seriousness. Therefore, the judge adequately stated findings and reasons for imposing the consecutive sentence. The fourth assignment is overruled.
 {¶ 12} The judgment is affirmed.
Judgment affirmed.
 APPENDIX — ASSIGNMENTS OF ERROR "I. Defendant was denied due process of law when the court sentenceddefendant for a third degree felony with a presumption of prison.
 Defendant was denied due process of law when the court imposeda consecutive sentence.
 Defendant was denied due process of law when the court stated that thiswas the worse [SIC] form of the offense.
 Defendant was denied due process of law when the court imposeda maximum consecutive sentence."
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Frank D. Celebrezze JR., J., and Timothy E. McMonagle, J., concur.
[1] R.C. 2921.12, a third degree felony.
[2] The facts surrounding the murder are set forth more fully in Statev. Blalock, Cuyahoga App. Nos. 80419 and 80420, 2002-Ohio-4580 (BlalockI).
[3] R.C. 2903.02.
[4] R.C. 2903.01.
[5] R.C. 2905.01.
[6] R.C. 2911.01.
[7] R.C. 2941.145.
[8] R.C. 2923.13.
[9] R.C. 2921.32.
[10] He was also sentenced concurrently for the offense of murder, but that charge merged with his conviction for aggravated murder. Blalock I,
at ¶ 77.
[11] Id. at ¶ 80.
[12] Id. at ¶ 74.
[13] Id. at ¶ 78.
[14] R.C. 2929.13(C).
[15] R.C. 2929.14(C).
[16] State v. McCauley, Cuyahoga App. No. 80630, 2003-Ohio-3211, at ¶ 4.
[17] R.C. 2929.11.
[18] R.C. 2953.08(G)(2).
[19] State v. Stockwell, Cuyahoga App. No. 82345, 2003-Ohio-5495, at ¶ 14-15.
[20] Blalock I, at ¶ 74.
[21] Id.
[22] State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, at ¶13.
[23] Id. at ¶ 14-16; R.C. 2929.19(B)(2)(c).