[Cite as *State v. Stockwell*, 2011-Ohio-4122.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 96143**

---

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## SCOTT STOCKWELL

DEFENDANT-APPELLEE

---

**JUDGMENT:**
**VACATED IN PART, REVERSED IN PART
AND REMANDED**

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-388748

**BEFORE:** Jones, J., Sweeney, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** August 18, 2011

ATTORNEY FOR APPELLANT

William D. Mason
Cuyahoga County Prosecutor

BY: Thorin O. Freeman
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113


ATTORNEYS FOR APPELLEE

James J. McDonnell
75 Public Square
Suite 700
Cleveland, Ohio 44113


LARRY A. JONES, J.:

{¶ 1}  Plaintiff-appellant, the state of Ohio, appeals from the trial court's November 18, 2010 sentencing judgment entry.  We vacate in part and reverse.

I.  Procedural History and Facts

{¶ 2}  Stockwell was indicted in 2000 for drug possession with a major drug offender specification, failure to comply with the order or signal of a police officer, and possessing criminal tools.  The charges resulted from Stockwell signing for and receiving a package

containing cocaine from a delivery service. The package was addressed to James Jones and the residence where it was delivered was owned by Karen Ratliff. Ratliff and Stockwell had been acquainted for approximately 20 years. Stockwell also did not immediately pull his vehicle over when directed by the police to do so.

{¶ 3} After a jury trial in 2000, Stockwell was found guilty of all counts and the specification. The trial court sentenced him to 22 years in prison, which consisted of a ten-year sentence on the major drug offender specification, consecutive to a ten-year sentence on the drug possession charge, and one year each on the failure to comply and possessing criminal tools charges, to run consecutive to one another. The sentence has generated four appeals, spanning 11 years.

{¶ 4} In the first appeal, this court reversed the trial court's ten-year sentence on the major drug offender specification, finding that the "evidence in the record [did] not support both of the findings needed to justify the additional term of imprisonment * * *." *State v. Stockwell* (July 26, 2001), Cuyahoga App. No. 78501 ("*Stockwell I*"). This court also vacated the trial court's sentence on the failure to comply and possessing criminal tools charges and remanded for resentencing on those charges, finding that the record did not demonstrate that the court "first considered imposing the minimum * * * sentence and then decided to depart from the statutorily mandated minimum based on one or both of the permitted reasons." Id. *Stockwell I* noted that on remand the trial court will have the

"opportunity to reconsider whether to impose consecutive sentences * * *."  Id.

{¶ 5}  On remand, the trial court sentenced Stockwell to another 22-year prison term, consisting of ten years on the major drug offender specification, to run consecutively to ten years on the drug possession charge and an increased sentence of 17 months on the failure to comply charge to be served consecutive to 12 months on the possessing criminal tools charge.

{¶ 6}  In the second appeal, this court held that *Stockwell I* made clear that the evidence did not warrant a sentence on the major drug offender specification and therefore vacated the sentence on the specification.  *State v. Stockwell*, Cuyahoga App. No. 82345, 2003-Ohio-5495, ¶ 8 ("*Stockwell II*").  *Stockwell II* also held that  the sentencing enhancement on the failure to comply charge was a violation of Stockwell's due process rights.  Id. at ¶16.  Accordingly, this court vacated the ten-year sentence on the major drug offender specification, reversed the sentence on the failure to comply charge, and remanded for resentencing.  Id. at ¶18.

{¶ 7}  A resentencing hearing was held in 2009, six years after the remand, and the trial court sentenced Stockwell to yet another 22-year term as follows: ten years on the major drug offender specification, consecutive to ten years on the drug possession charge, and one year each on the failure to comply and possessing criminal tools, to be served consecutively.

{¶ 8}  A third appeal was taken by Stockwell.  This court vacated the ten-year

sentence on the major drug offender specification, but affirmed the sentence in all other respects. *State v. Stockwell*, Cuyahoga App. No. 93976, 2010-Ohio-4890, ¶8 ("*Stockwell III*"). This court also stated that:

> "Due to the protracted resentencing history in this case and the repeated failure of the trial court to follow clear instructions on multiple remands, we direct the Administrative Judge of the Court of Common Pleas to reassign this matter to a new judge to expeditiously carry this sentence into execution." Id.

{¶ 9} On remand, the original sentencing judge was removed from the case and the case was reassigned to another common pleas judge. Another resentencing hearing was held in November 2010. The trial court sentenced Stockwell to an 11-year prison term as follows: ten years on the drug possession charge to be served consecutive to one year on the failure to comply charge, and one year on the possessing criminal tools charge to be served concurrently with the other charges. The state now brings this fourth appeal and raises the following assignment of error for our review: "The trial court erred by reducing Stockwell's previously imposed sentence that was affirmed on direct appeal."

II. Law and Analysis

{¶ 10} The state contends that in *Stockwell III* this court affirmed the consecutive sentences on the failure to comply and possessing criminal tools counts and only remanded the case so that the trial court could vacate the ten-year sentence on the major drug offender specification. According to the state, therefore, Stockwell should have been resentenced to a 12-, rather than an 11-, year prison term. The state cites *State v. Carlisle*, Cuyahoga App.

No. 93266, 2010-Ohio-3407,[1] in support of its position.

{¶ 11} In *Carlisle*, the defendant was convicted of kidnapping and gross sexual imposition and sentenced to a three-year prison term. This court affirmed his conviction[2] and the Ohio Supreme Court declined to accept his first appeal.[3] After his appeals, and prior to the trial court revoking his appellate bond, Carlisle filed a motion to modify his sentence to community control sanctions. In support of his motion, Carlisle contended that he suffered from various life threatening conditions such that a three-year sentence was a "death sentence." The trial court granted his motion and the state appealed.

{¶ 12} This court held that the mandate to the trial court in Carlisle's direct appeal:

"specifically ordered the trial court to execute Carlisle's sentence. Both the letter and spirit of the mandate required the court to execute Carlisle's sentence; that is, remand him to a penal institution. By modifying Carlisle's sentence, the court did not execute the sentence and therefore failed to obey our mandate." *Carlisle* at ¶21, citing *State v. Craddock*, Cuyahoga App. No. 91766, 2009-Ohio-1616, ¶15.

{¶ 13} This court explained the "mandate rule" as follows:

"An appellate mandate works in two ways: it vests the lower court on remand with jurisdiction and it gives the lower court on remand the authority to render judgment consistent with the appellate court's judgment. Under the 'mandate rule,' a lower court must 'carry the mandate of the upper court into execution and not consider the questions which the mandate laid at rest.'" *Carlisle* at ¶16, quoting *Sprague v.*

---

[1]Appeal accepted for review, *State v. Carlisle*, 128 Ohio St.3d 1411, 2011-Ohio-828, 942 N.E.2d 384.

[2]*State v. Carlisle*, Cuyahoga App. No. 90223, 2008-Ohio-3818.

[3]*State v. Carlisle*, 120 Ohio St.3d 1508, 2009-Ohio-361, 900 N.E.2d 624.

*Ticonic Natl. Bank* (1939), 307 U.S. 161, 168, 59 S.Ct. 777, 83 L.Ed. 1184.

**{¶ 14}** This court noted that an exception to the "mandate rule" exists for "extraordinary circumstances, such as an intervening decision by a superior court." *Carlisle* at ¶23, citing *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 5, 462 N.E.2d 410. This court elaborated that:

> "The supreme court has not defined the term 'extraordinary circumstances' in this instance, so we give that term its plain meaning as something exceptional in character, amount, extent, or degree. Given the very strong requirement that a lower court follow the mandate of a superior court, we think that a deviation from an appellate mandate can only occur when external circumstances have rendered that mandate void or moot. For example, the basis cited in *Nolan* as an exception to the law of the case doctrine—an 'intervening decision by a superior court'—is one that would plainly supersede an appellate mandate. This is because supreme court decisions are binding and no lower court is entitled to deviate from them, even if the mandate of an intermediate court was to require otherwise. *Thacker v. Bd. of Trustees of Ohio* (1971), 31 Ohio App.2d 17, 21, 285 N.E.2d 380." *Carlisle* at id.

**{¶ 15}** In opposition to the state's position that the trial court violated the "mandate rule," Stockwell contends that: (1) *Stockwell III* did not address his assignment of error relating to the imposition of consecutive sentences on the failure to comply and possessing criminal tools counts; (2) the state failed to object to the trial court resentencing on the failure to comply and possessing criminal tools counts; and (3) "[t]his court's pronunciation that his sentence was 'affirmed in all other respects' [was] mere surplusage, used repeatedly in all cases that are affirmed in part and vacated or reversed in part." We disagree with these contentions.

{¶ 16} First, *Stockwell III* did address Stockwell's assignment of error challenging the imposition of consecutive sentences.  Specifically, this court declined to apply  the United States Supreme Court's decision in *Oregon v. Ice* (2009), 555 U.S.160, 129 S.Ct. 711, 172 L.Ed.2d 517, and *overruled* the assignment of error.  *Stockwell III* at ¶6.

{¶ 17} Second, the state did object at the resentencing hearing, stating:  "And the other thing is just a quick objection. I don't believe this Court has the jurisdiction to actually resentence today on Counts 2 and 3 [failure to comply and possessing criminal tools]." Third, this court's language that Stockwell's sentence was "affirmed in all other respects" was not "mere surplusage": the language was used twice in the opinion,[4]  and the express mandate was that "the Administrative Judge of the Court of Common Pleas [was] to reassign this matter to a new judge to *expeditiously carry this sentence into execution*."  (Emphasis added.)

{¶ 18} In light of the above, the state's assignment of error is sustained.  The concurrent sentences on the failure to comply and possessing criminal tools counts is vacated and the consecutive sentences on those charges are reinstated.  On remand, the trial court is instructed to issue a new sentencing entry not inconsistent with this opinion.

Judgment reversed.

It is ordered that appellant recover of appellee his costs herein taxed.

---

[4]See  ¶8 and 9.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES,   JUDGE

JAMES J. SWEENEY, P.J., and
SEAN C. GALLAGHER, J., CONCUR